Jacobsmeyer v. Poggemoeller.

J. ALBERT JACOBSMEYER, Respondent, v. HENRY POGGEMOELLER, Appellant.

St. Louis Court of Appeals, January 19, 1892.

1. **Killing of Sheep by Dogs:** NATURE OF ACTION: PLEADING. The statute ( R. S. 1889, sec. 4512 ), authorizing the recovery of damages for the killing of sheep by a dog, does not create a new statutory cause of action, but merely changes the right of recovery existing at common law by dispensing with the necessity of proof of a *scienter* on the part of the defendant of the vicious character of the dog. Accordingly, the allegation of such *scienter* in the statement of a cause of action for such damages may be treated as mere surplusage, and a recovery will be authorized under the statute in the absence of evidence in support of it.

2. ———: CONSTRUCTION OF STATUTE.   A person, who knowingly harbors or permits his servant to keep a dog on his premises, is a keeper of the dog within the purview of the statute.

3. **Instructions:** NON-PREJUDICIAL ERROR.   While the failure in instructions to restrict the right of recovery to the amount sued for is technical error, it is not prejudicial when the verdict does not exceed that amount, and, therefore, will not warrant the reversal of the judgment on appeal.

4. **Practice, Appellate:** EXCESSIVE VERDICT.   If the motion for new trial fails to allege as one of its grounds that the verdict is excessive, the matter is not the subject of review in this court.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Mortimer F. Taylor* and *Robert L. McLaran,* for appellant.

(1) Plaintiff can recover on no cause of action but the one he declares on. *Hale v. Van Dever,* 67 Mo. 732 ; *Price v. Railroad,* 40 Mo. App. 195 ; *Leslie v. Railroad,* 88 Mo. 53 ; *Slicks v. Matthews,* 75 Mo. 96 ; *Sumner v. Rogers,* 90 Mo. 324 ; *Cotton Mills v. Railroad,* 10 S. E. Rep. 113. (2) The appellate court may reverse a judgment and enter same for a correct amount in that court. *Barnes v. McMullin,* 78 Mo. 278. (3) The first two instructions given by the court are erroneous. *Crews v. Lackland,* 67 Mo. 622.

*James A. Henderson,* for respondent.

(1) A compliance with the technical rules of pleading before a justice of the peace is not required ; it is enough if the nature of the transaction and other particulars of the claim appear. *Forbes v. Shellabarger,* 50 Mo. 558 ; *Kruse v. Hagsdorn,* 55 Mo. 576 ; *Sturdy v. Railroad,* 33 Mo. App. 44. (2) Statements before justices of the peace must advise the opposite party of the nature of the claim and be sufficiently specific to be a bar to another action in the same cause. *Hill v. Ore & Steel Co.,* 90 Mo. 104 ; *Razor v. Railroad,* 73 Mo. 473 ; *Allen v. McMonagle,* 77 Mo. 478 ; *Johnson v. Moffitt,* 19 Mo. App. 159 ; *Strathmann v. Gorla,* 14 Mo. App. 1 ; *Weese v. Brown,* 28 Mo. App. 521. (3) The error in the instruction, in not limiting the amount of damages to the amount sued for, has become a harmless one, because the verdict was not in excess of amount sued for. *Crews v. Lackland,* 68 Mo. 622. (4) The court did not err in defining the word "keeper." A keeper is one who "has in his possession, use, care or custody" a thing. Worcester's Dictionary, Webster's Dictionary.

BRIGGS, J.—This is an action to recover the value of certain sheep belonging to the plaintiff, which are alleged to have been maimed and killed by dogs which either belonged to defendant or were under his control. The allegation was that the defendant, *knowing* the bad traits or dispositions of the dogs, negligently and wrongfully permitted them to run at large, thereby causing the plaintiff's damage.

The action originated before a justice of the peace, and on appeal to the circuit court there was a verdict and judgment in the plaintiff's favor for $60. The defendant has appealed, and his chief ground of complaint in this court is that the plaintiff was permitted to recover without any proof that the defendant *knew* that the dogs were in the habit of killing sheep.

The argument in support of this assignment is based on the idea, that our statute (R. S. 1889, sec. 4512) created a statutory action, independent of that afforded by the common law in such cases. The section reads: "In every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animal may recover against the owner or keeper of such dog or dogs the full amount of damages, and the owner shall forthwith kill such dog or dogs," etc. Hence, it is asserted that the plaintiff declared in his statement as at common law, and was permitted to recover under the statute, which, it is claimed, could not be done. This is predicated on the well-known rule that the plaintiff must recover, if at all, on the cause of action declared on. If counsel were right in their conclusion as to the effect of the statute, their argument in support of this assignment would be unanswerable. But we are of the opinion that they misconceive the object and purport of the statute. At common law a person could not be made liable for injuries inflicted by vicious dogs belonging to him or under his control, unless the complaint averred and it was established on the trial that such owner or keeper was advised of the mischievous traits

of his dogs. The statute merely dispensed with all proof of *scienter*, and. did not undertake to create a new or independent cause of action. It merely changed the common-law rule so as to impose a stricter liability. 2 Shearman & Redfield on Neg. [4 Ed.] sec. 628. Therefore, the averments in the statement, to the effect that the defendant had knowledge of the vicious character of the dogs, and that he negligently permitted them to run at large, were surplusage and required no proof to sustain them.

The court instructed the jury that by the words "owner and keeper," as used in the instruction, was meant "one who actually owns, or claims to own, a dog, or who maintains or controls and uses the dog of another." This instruction properly declared the rule, and it was fully authorized by the evidence. The evidence tended to show that the dogs belonged to one of the defendant's servants, and that, with the knowledge and consent of the defendant, they were kept at the latter's house. If a person harbors a dog, or permits his servant to keep such an animal on his premises, this will constitute such person a *keeper* of the animal within the meaning of the law. *Barrett v. Railroad*, 3 Allen, 101.; Shearman & Redfield on Neg. [4 Ed.] sec. 635.

The court in its instructions failed to confine the recovery to the amount sued for. This was a technical error, but, as the finding and judgment did not exceed the amount sued for, there was no harm done, and the defendant has no reason to complain on that score.

The record is somewhat blind as to the number of sheep killed and their value; but, as the defendant failed to allege as a ground for a new trial that the damages awarded were excessive, the matter is not the subject of review.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It will be so ordered.