FRANK ADAMS, Defendant in Error, v. LEANDER BROWN, Plaintiff in Error.

**Springfield Court of Appeals, January 3, 1910.**

**ANIMALS: Dogs: Killing Sheep: Damages: Instructions.** The statutes make the owner or keeper of a dog liable for all damages that may result from said dog killing or maiming sheep or other domestic animals. Evidence in this case examined and held sufficient to warrant the jury in finding against defendant, and that the instructions properly declared the law.

Writ of Error to the Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*Jones Bros.* and *C. H. Shubert* for plaintiff in error.

There is no evidence that Pete Dunn's yellow and white spotted dog was kept by defendant. Collingill v. Haverhill, 128 Mass. 218; Cummings v. Riley, 52 N. H. 368; Burnham v. Strother, 66 Mich. 519; Mitchell v. Chase, 87 Maine 172; Whittemore v. Thomas, 153 Mass. 347; O'Hara v. Miller, 64 Iowa 462; McCosker v. Weatherbee, 59 Atl. 1019; Whalen v. Wetzell, 6 Ky. Law Rep. 49; Snyder v. Patterson, 28 Atl. 1006.

*Watson & Holmes* and *Lorts & Breuer* for defendant in error.

(1) In reviewing a demurrer to the evidence, plaintiff should have the benefit of the most favorable view of his case that the evidence warrants, and of every reasonable inference therefrom. Larson v. Railroad, 110 Mo. 234; Pope v. Railroad, 99 Mo. 400; St. Louis v. Railroad, 114 Mo. 13; Hite v. Railroad Co., 130 Mo. 132; Stove Co. v. Spear, 65 Mo. App. 67. (2) There was evidence tending to show that defendant himself

was the owner of one of the dogs that plaintiff saw chasing his sheep on the morning of July 3d, and from this evidence the jury might have well found that he was the owner of this dog. Even though he was not the owner but that the same was the property of his son-in-law, Pete Dunn, yet the testimony constituted defendant a keeper of the dog within the meaning of the law. R. S. 1899, sec. 6975; Peeler v. McMillian, 91 Mo. App. 310; Holmes v. Murray, 207 Mo. 413; Jacobsmeyer v. Poggemoeller, 47 Mo. App. 562.

COX, J.—Adams sued Brown before a justice of the peace in Phelps county for damages on account of a dog, of which it is charged Brown was the keeper, having wrongfully chased, bit, maimed and killed the sheep of the plaintiff. Change of venue was taken to another justice, trial had and verdict for plaintiff for five dollars. Defendant appealed to the circuit court where another trial was had, and a verdict for plaintiff for three dollars.

After the filing and overruling of proper motions and the filing of bill of exceptions, the defendant, Brown, brings the case here by writ of error.

The errors assigned are that the evidence will not support the verdict, and the court erred in its instructions to the jury. Counsel for plaintiff in error have with very commendable industry, searched the books for precedents to sustain their position, and have cited us to cases from Massachusetts, New Hampshire, Maine, Michigan, Iowa, Kentucky, New York and Connecticut, all of which are authorities of very high standing and entitled to great respect, but in determining the issues before us, the things that must control are the statute under which this action is brought, the evidence offered at the trial, and the instructions given to the jury by the court. The statute makes the owner or keeper of a dog liable for all damages that may result from said dog killing or maiming sheep or other domes-

tic animals.    We have carefully read all the evidence preserved in this record and have concluded that it was sufficient to send the case to the jury either upon the theory that the defendant was the owner or the keeper of the dog.   The instructions on the part of the plaintiff told the jury that if they believed that a dog owned by defendant Brown killed sheep belonging to plaintiff, Adams, they should find for the plaintiff. They also told the jury that if a dog killed sheep belonging to plaintiff and that said dog was kept at defendant's home by himself, or by his sons who lived with him as a part of his family, with his knowledge and consent, then he would be liable for the acts of said dog in killing the sheep. On the part of defendant, the jury were instructed that if the dog simply came on defendant's premises voluntarily and was not kept there, at the time alleged, by the consent of defendant he would not be liable for the dog's acts.    These instructions, we think, fairly declared the law, and after a careful examination of the evidence, we have reached the conclusion that it was sufficient to warrant the jury in finding that plaintiff's sheep were killed by a dog that either belonged to Brown or of which Brown was the keeper.

With this view of the case, there is nothing left for us to do but to affirm the judgment, and it is so ordered. All concur.