Ethel TILLERY, Respondent,

v.

Laura E. CROOK, Appellant.

No. 7522.

Springfield Court of Appeals. Missouri.
Jan. 4, 1957.

Edwin W. Mills, Osceola, for appellant.

Morran D. Harris, Belisle & Harris, Osceola, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment in favor of plaintiff for $273 damage to her flock of chickens caused by defendant's dogs.

The action originated in the Magistrate Court in St. Clair County, Missouri, was appealed to the Circuit Court where it was tried, resulting in judgment in favor of plaintiff.

The amended petition alleged that plaintiff is the owner of 269 laying hens; that defendant is the owner of certain Cocker Spaniel dogs, which she kept at her home in said county.

That on December 21, 1953, defendant's dogs came to plaintiff's home, in her absence, and killed some 52 laying hens and so frightened the whole flock that they quit laying; that the dogs were of known vicious propensity, inclined toward killing chickens and did kill chickens, all of which was known to the defendant; that the chickens were of the fair market value of $2 each; that as a result of the acts of the dogs plaintiff was damaged in the sum of $150 because of the reduction in egg production.

The answer of defendant admitted her residence and that on December 21, 1953, she owned and kept at her home Cocker Spaniel dogs but denied each and every other allegation.

At the close of plaintiff's evidence she was permitted by the court to amend the petition as to damages to comply with the evidence showing 69 hens were killed and that the egg production damage was $135, making a total damage of $273.

Defendant filed motions at the close of plaintiff's evidence and of all the evidence to dismiss, which motions were by the court overruled.

The evidence shows that plaintiff lived on a farm in St. Clair County and owned a flock of 269 laying hens; that on December 21, 1953, when she and her husband returned from a funeral about 4:00 or 4:30 P.M., they found three dogs, property of defendant, killing their chickens; that as a result of the acts of said dogs plaintiff lost 69 hens of the value of $2 each and that said hens at the time were producing about 30 dozen eggs per week besides those consumed by the family; that as a result of the acts of said dogs, the hens quit laying until about the next March; that the loss of production of eggs amounted to $135.

Plaintiff's testimony was to the effect that they followed the dogs about three-fourths of a mile to defendants' home; that she was not there but a man by the name of Hartline was there. Plaintiff and her husband both testified they were acquainted with defendant's dogs and knew they were the property of defendant.

They offered testimony that defendant had moved into the community in July, 1953, and that at that time she had 25 or 30 dogs; that they killed chickens belonging to one, Homer Stewart, prior to the date plaintiff's chickens were killed; that Stew-

art took the chickens to defendant's home and showed them to her; that he sued defendant for damages for the death of his chickens caused by defendant's dogs, recovered a judgment, which defendant paid.

The evidence further showed that defendant's dogs returned to the premises of plaintiff after the killing of these chickens; that plaintiff caught one of the dogs and tied it up until defendant came after it.

Defendant's evidence was to the effect that she owned six dogs but that only one was, on the date of the killing of the chickens, running loose; that she had two locked in the house and the other dogs had been sent to the city for shipment and had been returned to defendant's home late in the afternoon and kept in crates. She offered testimony that her dogs were not vicious and continually ran with the chickens and were fed with them; that she had no knowledge they had ever killed any chickens prior to December 21, 1953.

In our opinion we will refer to appellant as defendant and to respondent as plaintiff.

■ Under defendant's points and authorities she assigns as error that plaintiff was guilty of contributory negligence in leaving her flock of hens at large under the surrounding circumstances. It is contended that the cause of action originated in the Magistrate court and the plea of contributory negligence is available though not pleaded.

Under section 517.050 RSMo 1949, V.A. M.S., it is provided that no formal pleadings by either plaintiff or defendant shall be required in the Magistrate court. However, the law is, if defendant elects to file an answer setting out her defense she is bound by her pleadings. Strong v. Turner, Mo.App., 122 S.W.2d 71, 74; Usona Mfg. Co. v. Shubert-Christy Corp., Mo.App., 132 S.W.2d 1101; Personal Finance Co. of Wellston v. Schwartz, Mo.App., 170 S.W.2d 701, 703; Lyman v. Dale, 262 Mo. 353, 171 S.W. 352; Gentner v. Johnson, Mo.App.,

270 S.W. 442; Cindrick v. Scott, 226 Mo. App. 153, 42 S.W.2d 957.

In the instant case defendant filed an answer which was a general denial and is now precluded from the defense of contributory negligence.

Under this first allegation of error defendant complains of error on the part of the trial court for denying her motions to dismiss plaintiff's cause of action filed at the close of plaintiff's case and at the close of all of the evidence, because defendant was not guilty of negligence which imposes liability; that such liability must result from faulty or defective foresight or what should have been anticipated, rather than upon what happened.

It is contended by plaintiff that defendant failed to comply with 42 V.A.M.S. Supreme Court Rule 1.08 and that there is nothing before this court for review because this error was not submitted to the trial court in a motion for new trial.

The assignment of error is indefinite and we are aided little by defendant's brief. The only argument made in the brief is:

"If, under all the facts established in this case respondent is liable, every dog owner in Missouri is an insurer against unanticipated damage by his canines, no matter how negligent poultry owners are in the care of their flocks".

Under Supreme Court Rule 1.08 if defendant does not cite authority to sustain her allegation of error and fails to argue the point, she abandons it.

This cause of action was tried by the court without the aid of a jury and, on October 3, 1955, the court entered this judgment:

"Now on this 3rd day of October 1955, this cause coming on for trial and the plaintiff appearing in person and by her attorney Morran D. Harris; and defendant appearing in person and by her attorney Edwin W. Mills, the par-

ties announce ready for trial; and the jury having been waived in open court and witnesses being sworn, this cause proceeds to trial. Plaintiff asks permission to amend said Petition to alledge 69 chickens, the value of $2.00 each, were killed and the loss of egg production amounted to $135.00, making a total damage of $273.00. Defendant files motion to dismiss. Motion overruled; trial proceeds.

"And the Court being fully advised in the premises finds the issues for the Plaintiff and against the Defendant; and finds that defendant is indebted to the plaintiff in the amount of $273.00.

"Wherefore it is Ordered, Adjudged and Decreed by the Court that the plaintiff have and recover from the defendant the total sum of $273.00 and that defendant pay the costs of this action."

It is not clear from the pleadings, trial or judgment, upon what theory plaintiff's recovery was predicated, whether it is a statutory action based upon section 273.020 RSMo 1949, V.A.M.S., or an action under the common law for damages sustained by acts of defendant's dogs.

■■ We are of the opinion that in the last assignment of error defendant raises the question of the sufficiency of the evidence to make a case. If that was her intention this error might be raised for the first time in this court and need not be submitted to the trial court in a motion for new trial. Section 512.160 RSMo 1949, V.A.M.S.

Likewise, this court may consider plain errors of record whether defectively pleaded or pleaded at all. Supreme Court Rule 3.27.

It is contended by plaintiff that she made a prima facie case under section 273.020 RSMo 1949, V.A.M.S., which reads:

"In every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animals may recover against the owner or keeper of such dog or dogs the full amount of damages * * *".

Under the Civil Code, section 510.310 RSMo 1949, V.A.M.S., "Procedure in cases tried upon facts without a jury", reads:

"2. At or after the trial, the court shall render such judgment as it thinks right upon the law and the evidence. If any party shall so request before final submission of the case, the court shall dictate to the court reporter, or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of determining any damages awarded; and may, or if specifically requested by counsel, shall, include its findings on any of the principal controverted fact issues. All fact issues upon which no specific findings are made shall be deemed found in accordance with the result reached. * * *

"4. * * * The question of the sufficiency of the evidence to support the judgment may be raised whether or not the question was raised in the trial court. The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

The record discloses that the defendant did not request the trial court to make findings of fact upon which he based his judgment. Therefore, the judgment must be sustained if it can be justified under the evidence. The record does not show upon what facts the trial court based his judgment. He merely found for plaintiff. Under the statute, where no specific findings of fact are made, fact issues shall be deemed found in accordance with the results reached. Townsend v. Lawrence, Mo.App., 267 S.W.2d 489, 491(2).

It is defendant's contention that there must be a showing of negligence from faulty or defective foresight based on what should have been anticipated, rather than what happened. This merely shows that defendant is discussing common law liability.

An examination of plaintiff's amended petition shows that it contained an allegation that defendant's dogs "were of a known vicious propensity and inclined toward killing chickens, and known to kill chickens, all of which was known to defendant."

If the action were brought under the statute this allegation would be mere surplusage. In Jacobsmeyer v. Poggemoeller, 47 Mo.App. 560, it was held that allegations in an action against an owner of a dog which killed domestic animals that the owner knew of the dog's vicious character are surplusage and need not be proven.

The serious question presented is, are chickens domestic animals so as to come within the statute?

In 3 C.J.S., Animals, § 1, p. 1084, this law is stated:

"The word 'animal' is very comprehensive, and in the broadest sense of the word, an animal is any animate being endowed with the power of voluntary motion. In its common acceptation, the word 'animal' includes all irrational beings. The term is less extensive as used in jurisprudence than in natural science, and in its legal sense does not include mankind. In the language of the law the term ordinarily includes all living creatures not human or rational, and endowed with the power of voluntary or self-motion, unless the statute or other context in which the word is employed indicates that it should be given another or more restricted meaning. * * *

"* * * Particular creatures which have been been held to be or not to be 'animals' within the meaning of that word as used in various statutes, regulations, or other particular context include birds generally, fowl generally, foxes, gamecocks, geese, horses, pigeons, snakes, and turkeys."

Webster's New International Dictionary, second addition, defines "Animal" as: "Any member of the group of living beings typically capable of spontaneous movement and rapid motor response to stimulation * * * as distinguished from a plant. * * *"

In Adams v. Brown, 140 Mo.App. 434, 124 S.W. 1065, it was held that the owner or keeper of a dog is made liable by statute for all damages which its killing or maiming other domestic animals causes. Miller v. Prough, 203 Mo.App. 413, 221 S.W. 159.

3 Words and Phrases, pp. 663, 664, 665, "Animal" reads: " 'Animals', as defined in Black, Dict., are 'any animate beings endowed with power of voluntary motion; all livings creatures not human.' * * *

"The common-law rule requiring owner of domestic 'animals' at his own peril to keep them on his own land or within inclosures includes domestic turkeys and poultry, since word 'animals' viewed in broad sense is used in contradistinction to a human being, and signifies an inferior living creature generally having the power of self-motion. Tate v. Ogg, 170 Va. 95, 195 S.E. 496, 499. * * *

"A domestic fowl is an 'animal.' Laws of 1895, p. 4, S.H.A. ch. 8, Sec. 1 et seq. McPherson v. James, 69 Ill.App. 337."

We find no authorities in Missouri that limit the definition of "animal". We, therefore, hold that there was sufficient evidence to sustain plaintiff's action under the statute.

Judgment affirmed.

STONE and RUARK, JJ., concur.