**Martina BICE, Plaintiff-Appellant,**

v.

**Fielden BIRK, Defendant-Respondent.**

No. 33092.

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1968.

Joseph Langworthy, Pacific, for appellant.

James A. Cole, Jenny & Cole, Union, for respondent.

CLEMENS, Commissioner.

Action for damage to plaintiff's automobile. She prevailed in the magistrate court, but on trial de novo in the circuit court the defendant got the verdict and judgment. The plaintiff appeals.

The defendant has moved to dismiss plaintiff's appeal for failure of her brief to comply with Civil Rule 83.05, V.A.M.R. Most of defendant's criticism is valid. One point raised concerns the exclusion of plaintiff's evidence tending to show specific negligence. Although not properly preserved for review, we consider the point under Civil Rule 79.04, V.A.M.R., since we believe the trial court's ruling was plain error affecting substantial rights and resulting in manifest injustice. And since

plaintiff's brief does properly preserve one other point for review, we deny the motion to dismiss and consider the case on its merits.

We first consider plaintiff's complaint that the trial court excluded evidence of, and refused to instruct on, specific negligence. These rulings were based on the fact that the case went to trial on plaintiff's magistrate court statement which charged only generally that defendant negligently drove his car into collision with plaintiff's car. We then take up plaintiff's complaint that since defendant had filed only a general denial in the magistrate court he was limited to that defense; that the trial court erred by instructing on plaintiff's contributory negligence in failing to signal her intention to turn. To this contention the defendant responds that evidence of plaintiff's contributory negligence came in without objection, and that his general denial should be considered amended to conform to the evidence, thereby permitting this affirmative defense. Plaintiff denies that the defendant's evidence did come in without objection. These are the issues.

We shall summarize the evidence and then relate the procedure concerning the controversial evidence.

On a wintry evening plaintiff, Mrs. Martina Bice, was driving west on snow-covered St. Louis street in Pacific, closely followed by the auto of defendant Fielden Birk. Mrs. Bice reached the intersection of Third street, intending to turn north to her right. According to Mrs. Bice her 1952 car had no signaling device and admittedly she gave no hand signal. According to Mr. Birk and his passenger, the left tail-light of Mrs. Bice's car was blinking, indicating to Mr. Birk that she was going to turn to her *left*. He continued straight ahead, and when Mrs. Bice turned to her *right* there was an impact between Mr. Birk's left front bumper and the right side of Mrs. Bice's car.

■ The procedure: Plaintiff's informal statement filed in the magistrate court said merely that at the stated time and place the defendant negligently drove his car into collision with plaintiff's car, to her damage. On trial de novo, when plaintiff attempted to testify about defendant's speed, the court sustained defendant's objection on the ground plaintiff had not pleaded excessive speed. A similar objection was sustained when plaintiff tried to state the distance at which defendant was following her car. The plaintiff's statement in the magistrate court was informal and general—properly so under § 517.050, V.A.M.S. On trial de novo the court should have allowed plaintiff to introduce any evidence that would have been admissible under her informal statement in the magistrate court. Wood v. John Hancock Mut. Life Ins. Co., Mo.App., 241 S.W.2d 802 [1]; American Packing Co. v. Neece, Mo.App., 277 S.W. 605 [7]. The court erred in excluding plaintiff's evidence of defendant's speed and following distance. The prejudice of these exclusionary rulings was marked by the court's later refusal to give plaintiff's verdict director submitting the issues of defendant's excessive speed (MAI 17.02–17.03) and following too closely (MAI 17.02–17.09).

■ Reverting to the pleadings in the magistrate court: To plaintiff's informal statement the defendant filed a general denial. At trial time in the circuit court those pleadings remained unchanged. Despite the defendant's general denial, the trial court permitted defendant, over plaintiff's objection, to present evidence of plaintiff's contributory negligence. This was error. The case of Tillery v. Crook, Mo.App., 297 S.W.2d 9 [1], ruled that although a defendant need not file an answer in magistrate court, if he does so he is bound by that answer; that if he has filed a general denial—as here—then on trial de novo he is precluded from the defense of contributory negligence. That case followed our statement of the principle in Strong v. Turner, Mo.App., 122 S.W.2d 71 [2, 3].

■ The defendant does not deny this principle but seeks to avoid it. He relies on Civil Rule 55.54, V.A.M.R.: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * *" In his brief the defendant contends that (a) plaintiff did not object to defendant's evidence of contributory negligence, (b) plaintiff herself offered such evidence, and (c) his general denial may be considered amended to conform to the evidence. To resolve this we look to the record.

On cross-examination defendant's counsel asked Mrs. Bice whether she had signaled her intention to turn to the right. Her counsel objected to the question on the ground it attempted to raise the unpleaded issue of contributory negligence, citing Tillery v. Crook, supra. The court overruled the objection and plaintiff answered that she gave no signal. In a previous colloquy the plaintiff had objected to evidence that might later be offered on the unpleaded issue of contributory negligence. This, after the trial court had announced "if anything was raised in magistrate court I'm going to permit it to be raised here and I'm also going to permit the defendant to plead contributory negligence if he wants to." The defendant, however, made no move to amend his answer.

We reject defendant's contention that plaintiff did not object to evidence of contributory negligence. The record shows the contrary; she objected both before and after the question was asked. Nor can we accept defendant's contention that his general denial should be considered amended to conform to the evidence. This, since the evidence came in over plaintiff's objection and since the defendant did not respond to the court's permission to amend.

■ Defendant's final effort to avoid error in admitting unpleaded evidence is twofold: that plaintiff waived the objection by offering evidence that she had no

signaling device on her car, and by not objecting to defendant's evidence that plaintiff's left tail-light was blinking. This argument overlooks the fact that all this took place *after* the court had squarely overruled plaintiff's objections to evidence of contributory negligence. In Taylor v. Kansas City Southern Ry. Co., Mo., 293 S.W.2d 894 [3], over proper objection the trial court had permitted evidence on an unpleaded issue. Rejecting the same contention now made by defendant, the court said: "Where a party, as here, has seasonably objected to evidence on a given subject by one witness and his objection is overruled, he is not required or expected to become indecorous by repeating his objection when like testimony by another witness is offered, * * * and does not waive his objection by cross-examining or by offering countervailing evidence in an effort to render the incompetent evidence innocuous." As explained in the earlier case of Zaring v. Bauman, Mo.App., 223 S.W. 947 [5]: "We see no reason why a party after being ruled against should not be permitted to make the best contest he can under the ruling as made, without being put to the hazard of losing the point of his objection." We hold, accordingly, that plaintiff did preserve her objections to evidence on the unpleaded issue of contributory negligence. The prejudicial effect of erroneously admitting this evidence was sharpened when the court gave defendant's contributory negligence instruction (MAI 28.01–17.06).

We hold that the trial court erred in rejecting plaintiff's evidence of defendant's speed and following too closely, and further erred in admitting evidence of, and instructing on the unpleaded issue of, contributory negligence.

The judgment is reversed and the cause remanded for new trial.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, the motion to dismiss the appeal is denied; the judgment is reversed and the cause remanded for new trial.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.