JOHN M. MOORE *v.* UNION MUTUAL FIRE INSURANCE COMPANY.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

*Joseph D. Laird* for plaintiff.

*Fred E. Gleason* for defendant.

BUTTLES, J. This is an action brought in Montpelier Municipal Court to recover on an insurance policy covering the plaintiff's automobile. The case was heard on an agreed statement of facts which the court found to be the facts and thereon rendered judgment for the defendant. The plaintiff comes to this Court on an exception to such judgment. It was agreed that the amount of damage to plaintiff's car was not sufficient to support a recovery under the so-called collision or upset provision of the policy, and that the plaintiff could only recover, if at all, under the item of schedule of coverage in the policy which so far as here material reads as follows: ''Comprehensive—Excluding Collision or Upset: Any loss of or damage to the automobile and the equipment usually attached thereto, subject however to the exclusions stated below and except that this Company shall not be liable for loss caused by collision with any other object or by upset * * * .'' It was agreed and found that ''while said automobile was parked and not in motion the same was damaged from a cause unknown, but assumed to be, and for the purposes of this case agreed to be, the impact of another automobile whereby said insured automobile was damaged in its left door'' and elsewhere. It is conceded that the plaintiff is entitled to recover, unless the facts so agreed and found constitute a ''collision with any other object'' within the meaning of the provision of the policy above quoted. This is the only question here involved.

Our own decisions do not afford an answer to this question and in cases decided in other jurisdictions there appears to be considerable diversity of opinion. Because of the multiple variety of collisions and the variety of provisions in policies, no line of demarcation can be drawn between those accidents which constitute collisions within the meaning of insurance policies and those that do not. Each case seems to depend upon such provisions and facts. 5 Am. Jur. 815, Sec. 556.

██ ██ A definition of ''object'' which is here applicable is ''anything which comes within the cognizance or scrutiny of the senses, especially anything tangible or visible.'' Berry on Law of Automobiles, 7th ed. Vol. 6, p. 667; *Harris* v. *Amer. Casualty Co.*, 83 N. J. L. 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B 846. No question appears to be made but that the other automobile which came in contact with the insured car was another object within the meaning of the clause of the policy here

involved. Was the resulting impact a collision within the meaning of that clause?

Berry on Law of Automobiles, *supra*, at page 666, adopting the language of *St. Paul F. & M. Ins. Co.* v. *American Compounding Co.*, 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018, says: "A collision implies an impact, the sudden contact of a moving body with an obstruction in its line of motion. Both bodies may be in motion, or one in motion and the other stationary. Clearly it matters not whether the car or the other object is in motion." See, also, 42 C. J. 795, Sec. 365. Many cases are to be found which are in harmony with this statement or with that portion of it pertinent to the particular case. Among many cases in which the contact of a moving automobile with a stationary object was held to be a collision within the meaning of the insurance policy there involved the following may be cited: *Ringo* v. *Automobile Ins. Co.*, 143 Ore. 420, 22 Pac. 2d. 887, contact with the water and bed of a stream; *Haik* v. *U. S. F. and G. Co.*, 15 La. App. 97, 130 So. 118, contact with brick, wood and dirt with which a hole had been filled; *C. & J. Commercial Driveway* v. *F. and G. Fire Corp.*, 258 Mich. 624, 242 N. W. 789, contact with over-hanging plank of a covered bridge; *Yorkshire Ins. Co.* v. *Bunch-Morrow Motor Co.*, 212 Ala. 588, 103 So. 670, contact with a stump; *Tinker* v. *Boston Ins. Co.*, 106 Okla. 206, 233 Pac. 1058, contact with bottom or further side of a chasm; *Great Amer. Mut. Indem. Co.* v. *Jones*, 111 Ohio St. 84, 144 N. E. 596, 35 A. L. R. 1023, contact with paved highway; *T. C. Power Motor Car Co. et al.* v. *U. S. Fire Ins. Co.*, 69 Mont. 563, 223 Pac. 112, 35 A. L. R. 1028, contact with bank of a ditch.

In *Universal Service Co. et al.* v. *Amer. Ins. Co.*, 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183 and in *Long et al.* v. *Royal Ins. Co., Ltd.*, 180 Wash. 360, 40 Pac. 2d., 132, 105 A. L. R. 1423, the insured car while stationary was struck by a moving object; in the former case by a loaded scoop falling from a derrick, and in the latter by rushing flood water. In both cases it was held that there was a collision.

Until the advent of the automobile, insurance against collision was practically, if not wholly, confined to maritime insurance, and the courts have frequently considered decisions under that law for aid in determining the hazards included within the term "collision" as applied to motor vehicle insurance. 42 C. J.

793, Sec. 361. Such a case from high authority which has more than once been cited in automobile insurance cases is *London Assurance* v. *Companhia De Moagens Do Barreiro*, 167 U. S. 149, 42 L. Ed. 113, 17 Sup. Ct. 785.

In that case the vessel whose cargo was insured by the appellant, while lying at the dock in New York harbor, fully loaded and in readiness to proceed on her voyage but not yet in motion, was run into by a lighter being towed out of the dock by a tug. It was held that this accident constituted a collision within the meaning of a clause of the insurance contract which read: "Free of particular average unless the vessel be sunk, burned, stranded or in collision." In affirming the lower court Mr. Justice Peckham said: "We think that the vessel was in collision within the meaning of the language used in the certificate, which represented and took the place of the policy. It was not necessary that the vessel should itself be in motion at the time of the collision. If, while anchored in the harbor a vessel is run into by another vessel, it would certainly be said that the two vessels had been in collision, although one was at anchor and the other was in motion. We see no distinction, so far as this question is concerned, between a vessel at anchor and one at the wharf, fully loaded, and in entire readiness to proceed upon her voyage."

If automobiles be substituted for vessels and parking place for dock the facts of that case become almost identical with those in the case before us. We adopt the reasoning of the court in that case and hold that in the present case the damage to the insured car was caused by collision with another object within the meaning of the policy.

This conclusion is not prevented by the rule that all the conditions and provisions of a policy favorable to the insurance company are to be strictly construed against it, although the entire contract is to be construed together for the purpose of giving force and effect to each clause. *Allen* v. *Berkshire Mut. Fire Ins. Co.*, 105 Vt. 471, 474, 168 Atl. 698, 89 A. L. R. 460.

*Judgment affirmed.*