Mr. and Mrs. Victor
**TUMLINSON, Appellants,**

v.

The **ST. PAUL INSURANCE
COMPANY, Appellee.**

No. 01–89–00967–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1990.
Rehearing Denied Feb. 15, 1990.

Richard Warren Mithoff, Scott Rothenberg, Mithoff & Jacks, Houston, for appellants.

Daryl G. Dursum, Coats, Yale, Holm & Lee, P.C., Houston, for appellee.

Before DUGGAN, WARREN and MIRABAL, JJ.

### OPINION

DUGGAN, Justice.

This is an appeal from a summary judgment granted in a suit for declaratory judgment based on interpretation of language in a medical liability insurance policy.

The appellants, Mr. and Mrs. Victor Tumlinson, filed a medical malpractice suit claiming that the brain damage and other physical injuries suffered by their son at birth resulted in part from the care given by Dr. Gregory Smith. The Tumlinsons also sought damages in their individual capacity for their financial losses for the child's medical and hospital expenses. The case against Dr. Smith was settled, but expressly excluded the issue of the limits of coverage available under Smith's professional liability insurance policy with the appellee, The St. Paul's Insurance Company. The insurance company paid the Tumlinsons $500,000 under the policy in exchange for a release of Dr. Smith's personal liability. The release expressly excluded the issue of whether the Tumlinsons were entitled to the remaining $500,000 coverage under Dr. Smith's professional liability policy. In cross motions for summary judgment, the insurance company contended that Smith was entitled to only $500,000 in coverage; the Tumlinsons argued that $1 million worth of coverage was provided by the insurance policy. The trial court granted the insurance company's motion for summary judgment. The Tumlinsons appeal on the sole point that the trial court improperly construed the disputed policy language against them.

The disputed language from the policy provides as follows:

Limits of your coverage

Two limits apply to the amount we'll pay for professional claims. These limits are shown below or on the Introduction page. The limits apply separately to each covered person. When an organization is also covered, the limits apply separately to that organization.

$500,000.00. Each person limit. This is the most we'll pay for *all claims resulting from the injury* or death *of any one person*.

$1,000,000.00. Total limit. This is the most we'll pay for all claims first made in a policy year. By policy year we mean each consecutive annual period of the policy. If no total limit is shown, the total limit is 3 times the each person limit.

(Emphasis added.)

The issue in this case is whether the term "injury" as used in the policy is limit-

ed to bodily injury or whether it encompasses financial injury. If the term "injury" includes financial injury, then the Tumlinsons would be injured persons, separate from their child, and entitled to an additional $500,000 in per person limits. The insurance company contends that the policy clearly covers only bodily injury, and that all of the losses incurred by the parents are derivative of the physical injury suffered by their son.

Insurance contracts are strictly construed in favor of the insured to avoid exclusion of coverage. *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 349 (Tex.1976). The rule of strict construction does not apply, however, when the term in question is susceptible of only one reasonable construction. *Ranger Ins. Co. v. Bowie*, 574 S.W.2d 540, 542 (Tex.1978). When language in a policy is susceptible of more than one reasonable construction, it is patently ambiguous. *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977). The determination of whether a contract is ambiguous is a question of law. *Yancy v. Floyd West & Co.*, 755 S.W.2d 914, 917 (Tex.App.—Fort Worth 1988, writ denied).

If the court determines there is no ambiguity, its duty is to give the words used their plain meaning. *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984). Plain, clear, and unambiguous language of a policy must be given such meaning as will carry out the intention of the parties. *Entzminger v. Provident Life & Accident Ins. Co.*, 652 S.W.2d 533, 536 (Tex.App.—Houston [1st Dist.] 1983, no writ). The interpretation of individual words that are not defined in the policy itself does not control. Rather, the controlling interpretation is that which the ordinary person would give to the phrase as a whole, taken in the context of the whole policy. *Prudential Ins. Co. of Am. v. Uribe*, 595 S.W.2d 554, 563 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.).

In this case, the term "injury" is not defined in the contract. The disputed provision refers to the limitation of $500,000 coverage "for all claims resulting from the injury . . . of any one person." The phrase taken as a whole contemplates a limitation of the claims growing out of the injury of the child. The parent's action is a derivative claim that arises only as a consequence of injuries to the child. *Cf. McGovern v. Williams*, 741 S.W.2d 373 (Tex.1987) (wife's loss of consortium is derivative of husband's personal injury claim). Read in context, the language clearly applies the $500,000 maximum to claims that derive from the covered injury. If we were to construe the word "injury" standing alone to cover any type of injury, the portion of the policy referring to "all claims resulting from the injury" would be meaningless, because, necessarily, all claims would have to be based on some type of injury, and there would be no need for any phrase covering derivative claims.

Thus, the insurance company's liability is limited under the policy to $500,000 for the injury of the child, regardless of the economic injury to the parents resulting from the child's injury.

Accordingly, we find that the language of the policy of the contract is unambiguous and overrule the Tumlinson's point of error.

The judgment is affirmed.

WARREN, Justice, dissenting.

I respectfully disagree with the majority's holding that the language is unambiguous. "Ambiguous" in construing insurance contracts is defined as being susceptible of more than one reasonable construction. *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.1977). While the majority's interpretation of the passage that the word "injury" refers only to the primary claim, not derivative claims, is reasonable, this interpretation is far from clear and is susceptible to the construction that "injury" encompasses financial injury.

When the language of a policy is susceptible of more than one reasonable construction, the courts will apply the construction that favors the insured and permits recovery. *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 348 (Tex.1976). The

fact that the insurer's construction may be more reasonable is not controlling. Even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent, the court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not itself unreasonable. *Glover*, 545 S.W.2d at 761.

Because the services and earnings of an unemancipated minor belong to his parents, an infant may not recover for diminution of his earning capacity during the period intervening between the injury and the child's attainment of majority. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). The right to recover for medical costs incurred on behalf of the minor is a cause of action belonging to the parents, unless such costs are a liability of the minor's estate. *Id.* Thus, in this case, the parents suffered a separate injury from their child.

When the insurance policy language chosen is susceptible of more than one construction, it should be construed strictly against the insurer and liberally in favor of the insured. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987). Furthermore, when a case involves an exception or limitation on the insurance company's liability under the policy, an even more stringent construction is required. *Glover*, 545 S.W.2d at 761 (Tex.1977). In our case, St. Paul's had language available to it that would have clearly and plainly excluded from coverage injuries other than bodily injuries. In determining that the word "flight" was ambiguous, the court in *Glover v. National Insurance Underwriters*, noted that the insurer could have "clearly and plainly excluded from coverage" the type of flight that was in dispute. 545 S.W.2d at 764. In our case, the contract could have clearly and plainly excluded other types of injury by using the phrase "bodily injury" rather than "injury."

The term "injury" could encompass economic injury. This construction is not unreasonable, even though the construction urged by St. Paul's appears more reasonable and a more accurate reflection of the parties' intent. Thus, I would hold that the contract language is ambiguous, and that the rules of construction then require the court to adopt the construction that the injury referred to in the policy encompasses the economic injury of the parents. I would reverse the judgment of the trial court and render judgment granting the Tumlinson's motion for summary judgment.