**Gillian M. McKAY, Plaintiff,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Defendant.**

**Civil Action No. H-95-4001.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 25, 1995.

Daniel L. McKay, Krell & Torigian, Houston, TX, for plaintiff.

Katherine Dudas Mackillop, Fulbright & Jaworski, Houston, TX, for defendant.

### *MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT*

HARMON, District Judge.

Pending before the Court in the above referenced action seeking a declaratory judgment that Defendant State Farm Mutual Automobile Insurance Company breached an automobile insurance policy issued to Plaintiff Gillian M. McKay is Defendant's motion for summary judgment (instrument # 12).

Plaintiff's policy provides in relevant part, PART D—COVERAGE FOR DAMAGE TO YOUR AUTO INSURING AGREEMENT

A. We will pay for direct and accidental loss to *your covered auto,* including its equipment, less any applicable deductible shown in the declarations. However, we will pay for loss covered by *collision* only if the Declarations indicate that Collision Coverage (Coverage D2) is provided.

B. *Collision* means the upset, or *collision* with another object *of your covered auto.* However, loss caused by the following are not considered *collision* and are covered only if the Declarations indicate that Coverage D1 is provided:

1. Missiles or falling objects;
2. Fire;
3. Theft or larceny;
4. Explosion or earthquake;
5. Windstorm;
6. Hail, water, or flood;
7. Malicious mischief or vandalism;
8. Riot or civil commotion;
9. Contact with bird or animal;
10. Breakage of glass.

If breakage of glass is caused by a collision or if loss is caused by contact with a bird or animal, you may elect to have it considered a loss caused by collision.

Plaintiff asserts claims for breach of contract, misrepresentation, fraud failure to investigate and evaluate the claim in good

faith, breach of good faith and fair dealing, brief of fiduciary duty, mental anguish, violations of articles 21.21 §§ 4(2), 4(4), and 16 of the Texas Insurance Code[1] and sections 17.45(5), 17.46, and 17.50 of the Texas Deceptive Trade Practices Act.

Plaintiff Gillian McKay purchased an automobile insurance policy containing comprehensive property damage coverage, but no collision coverage, for her Blazer. On March 24, 1995, when Plaintiff's son was driving the vehicle on a freeway at night in Houston, Texas, a man darted onto the freeway, and, although the driver swerved to attempt to avoid hitting the man, the Blazer and the man collided. The man, who was subsequently run over by two other vehicles and died at Ben Taub Hospital, was determined to have had a blood alcohol level of 0.148 around the time. Defendant states that it denied Plaintiff's subsequent property damage claim because Plaintiff did not have collision coverage and because it was not covered under the comprehensive coverage that she had purchased.

Plaintiff's original petition alleges that because the man who ran into the side of the Blazer is not an "object," there was no "collision" under the definition of the policy, which therefore unambiguously provides for coverage of "direct and accidental loss" to the damaged Blazer. Defendant moves for summary judgment on Plaintiff's multiple causes of action. First Defendant maintains that under the terms of the policy and the law in Texas, Plaintiff did not have collision coverage, the accident was a collision, and therefore Defendant is entitled to summary judgment as a matter of law. The policy defines "collision" as "the upset, or collision with another object of your covered auto." According to the Texas Supreme Court, in reviewing a policy with very similar language and adopting the definition of the Century Dictionary Cyclopedia, a collision is "[t]he meeting and mutual striking or clashing of two moving bodies, or of a moving body with a stationary one." *Providence Washington Insurance Co. v. Proffitt*, 150 Tex. 207, 239 S.W.2d 379, 382 (1951) (holding that the force of floodwaters against an automobile was a

collision within the terms of the policy). *See also Great American Insurance Co. v. Lane*, 398 S.W.2d 592, 593 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.).

Plaintiff's complaint alternatively alleges that coverage exists under the policy for malicious mischief, vandalism, and contact with bird or animal, and that the intoxicated man's conduct constituted such. Plaintiff contends that to show that a defendant was motivated by malice, a plaintiff need not prove that the defendant acted with personal spite but only that the defendant committed negligent acts in reckless disregard of another's rights and with indifference to injury to that party. *Missouri Pacific R. Co. v. Lemon*, 861 S.W.2d 501 (Tex.App.—Houston [14th Dist.] 1993, no writ). Plaintiff argues that the man who ran into the freeway and damaged the Blazer acted in a negligent manner and with reckless disregard for the welfare of the drivers on the freeway.

Defendant maintains that there is no coverage here under the exception for "contact with a bird or animal" because "in the language of the law, the word 'animal' is used to mean all animal life other than man and signifies an inferior or irrational sentient being, general, but not necessarily possessed of the power of self motivation." 4 Am.Jur.2d § 1 (1995). *See also Black's Law Dictionary* at 80 (1979); *Bernardine v. City of New York*, 182 Misc. 609, 44 N.Y.S.2d 881, 883 (S.Ct.N.Y.1943), *rev'd on other grounds*, 268 A.D. 444, 51 N.Y.S.2d 888 (1944), *aff'd*, 294 N.Y. 361, 62 N.E.2d 604 (1945); *Tate v. Ogg*, 170 Va. 95, 195 S.E. 496, 499 (1938) ("Viewed in its broadest sense, the word 'animal' in the language of the law is used in contra-distinction to a human being and signifies an inferior or living creature, generally having the power of self-motion."); *Tillery v. Crook*, 297 S.W.2d 9, 13 (Ct.App.Mo.1957), Defendant further contends that because the policy couples animal with bird, the language means animal other than man.

Regarding Plaintiff's insistence that the pedestrian caused the damage to the Blazer by "malicious mischief" or vandalism, Defendant argues that vandalism or malicious mis-

---

**1.** Plaintiff asserts that Defendant violated.

chief are intentional acts and there is no evidence that the pedestrian intended to damage McKay's car by running across the freeway late at night. Indeed the pedestrian's action does not constitute vandalism or malicious mischief, which has been defined as a "wanton, intentional act committed with the fixed purpose to damage or destroy property." *Imperial Casualty and Indemnity Company v. Terry,* 451 S.W.2d 303, 305 (Tex. Civ.App.—Tyler 1970, no writ); *Hunter v. National County Mutual Fire Ins. Co.,* 687 S.W.2d 110, 113 (Tex.App.—Dallas 1985, no writ).

Defendant also insists that it did not commit bad faith under common law or statute because it had a reasonable basis for denying the claim. *Aranda v. Insurance Co. of North America,* 748 S.W.2d 210, 213 (Tex. 1988); *Walker v. Federal Kemper Life Assurance Co.,* 828 S.W.2d 442, 445 (Tex.App.—San Antonio 1992, writ denied); *Love of God Holiness Temple Church v. Union Standard Insurance Co.,* 860 S.W.2d 179, 182 (Tex. App.—Texarkana 1993, writ denied); *Progressive County Mutual Ins. Co. v. Boman,* 780 S.W.2d 436, 440–41 (Tex.App.—Texarkana 1989, no writ); *Beaumont Rice Mill, Inc. v. Mid–American Indemnity Ins. Co.,* 948 F.2d 950, 952 (5th Cir.1991). The denial of a claim is not unreasonable if there is "a legitimate question of policy construction." *National Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Hudson Energy Co.,* 780 S.W.2d 417, 426 (Tex.App.—Texarkana 1989), *aff'd,* 811 S.W.2d 552 (Tex.1991).

Defendant also declares that there is no evidence that it made misleading, untrue or deceptive advertisements or is attempting to cause unreasonable restrains or monopolies in the insurance business in violation of Article 21.21 §§ 4(2) and (4) of the Texas Insurance Code. Nor does Plaintiff have a private cause of action under Article 21.21–2 of the Texas Insurance Code and Texas Administrative Code 21.3. *Allstate Ins. Co. v. Watson,* 876 S.W.2d 145, 148 (Tex.1994); *Lone Star Life Ins. Co. v. Griffin,* 574 S.W.2d 576, 580 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.); *Hi–Line Electric Co. v. Travelers Ins. Co.,* 587 S.W.2d 488, 489 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.).

No Texas court has recognized Plaintiff's claim that there is a fiduciary duty owed by an insurer to an insured as a matter of law. *Caserotti v. State Farm,* 791 S.W.2d 561, 564 (Tex.App.—Dallas 1990, writ denied).

Moreover, because all Plaintiff's claims of misrepresentation and fraud stem from Defendant's acts after Plaintiff purchased her policy, there was no inducement or reliance.

Finally Defendant maintains that it is not estopped from denying coverage because its denial letter did not include a statement that there was also no coverage under the malicious mischief or vandalism provision. Estoppel cannot be used "to create insurance coverage when none exists by the terms of the policy." *Texas Farmers Ins. Co. v. McGuire,* 744 S.W.2d 601, 602–03 (Tex.1988).

Plaintiff responds that Defendant is attempting to exclude coverage under the policy by claiming that she should have purchased another policy for collision insurance. The comprehensive policy states, "We will pay for direct and accidental loss . . . ." Defendant has the burden of proving that coverage in this instance should be excluded. Tex. Ins.Code Ann. art. 21.57 (Vernon 1981). To do so, Defendant must show, but has failed to do so, that a human being is an "object" but not an "animal" under the definition of "collision" in the policy and that Plaintiff's definition of "collision" in the policy and that Plaintiff's property damage was not the result of "contact" with an "animal." Neither "object" nor "animal" is defined in the policy. When a term in an insurance policy is not defined, the term will be given the meaning that an "ordinary person" would apply. *Tumlinson v. St. Paul Ins. Co.,* 786 S.W.2d 406, 408 (Tex.App.—Houston [1st Dist.] 1990, writ denied). She argues that to an ordinary person a person is not an object. The ordinary meaning of animal includes human beings. In construing a policy,

> The court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. In particular, exceptions or limitations on liability are strictly

construed against the insurer and in favor of the insured.... An intent to exclude coverage must be expressed in clear and unambiguous language.... If [the insurer] wanted to exclude [some thing, occurrence or conduct] from the scope of coverage, then it was incumbent upon it to expressly and clearly state the exclusion in the policy [citations omitted].

*National Union v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). *See also Liverpool & London & Globe Ins. Co. v. Kearney,* 180 U.S. 132, 135–36, 21 S.Ct. 326, 328, 45 L.Ed. 460 (1901) ("[T]he general rule [is] that where a policy of insurance is so framed as to leave room for two constructions the words used should be interpreted most strongly against the insurer.").

■ Plaintiff objects that Defendant fails to address some of her claims. Since a number she specifies are the remedies she seeks (e.g., declaratory judgment, actual and punitive damages, costs, and attorney's fees), they are not relevant without a determination that she has won on the merits. After reviewing the pleadings, the Court finds that Defendant has raised all Plaintiff's causes of action on the merits, even if it has not specified particular statutory provisions or the precise legal terms used by Plaintiff. Therefore the Court finds these objections to alleged omissions lack merit.

■ Plaintiff also complains that Defendant's only evidence is a defective affidavit of Daryl Bonar, a claim superintendent for Defendant, with not one, but three purported copies of Plaintiff's automobile policy.[2] Plaintiff complains that Bonar does not state that he is a custodian of records, or that he issued the policy to Plaintiff, or even that he was employed by Defendant when Plaintiff purchased her policy. She also questions whether the attached document was the policy provided to her by Defendant. She attaches a copy of her policy to her response. Because the relevant parts are the same, the Court finds no material factual dispute here.

Plaintiff contends that Defendant never advised Plaintiff of its "strained interpretation" of the policy prior to the time of purchase, but instead advised her that any property loss would be covered under a "comprehensive" policy as long as she or her children, as listed drivers, were not at fault in an accident with another vehicle. She insists that there is no difference between a person running into the side of her vehicle and a deer doing the same, yet Defendant asserts that only the latter is covered.

Plaintiff maintains that Defendant has refused to accept her reasonable construction of her policy.

■ The movant seeking a federal summary judgment initially must inform the court of the basis for its motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that it is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.,* 812 F.2d 219, 222 (5th Cir.1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed.R.Civ.P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings but must produce affirmative evidence and specific facts. *Anderson,* 477

---

**2.** The Court notes that only one policy is attached to the original motion and that the affidavit established that it was a business record.

U.S. at 256–57, 106 S.Ct. at 2514–15. It meets this burden only if it shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254, 106 S.Ct. at 2513. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252, 106 S.Ct. at 2512.

■ All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986), citing *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Once the burden of proof has shifted to the non-movant, he "must do more that simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586, 106 S.Ct. at 1356.

■ After reviewing the record and the applicable law, this Court concludes that Defendant is entitled to summary judgment as a matter of law. Under the definition of "collision" embodied in the policy and the definition approved by the Texas Supreme Court in *Proffitt,* 239 S.W.2d at 382, cited frequently since, the accident between the moving Blazer and running man was a collision. Plaintiff's policy expressly excludes collisions from coverage unless there is a separate collision policy, which Plaintiff admits she did not have. Moreover a human being is an "object." Black's *Law Dictionary,* at 967, *citing Moore v. Union Mutual Fire Ins. Co.,* 112 Vt. 218, 22 A.2d 503, 505, defines "object" as, "Anything which comes within the cognizance or scrutiny of the senses, especially anything that tangible or visible." Furthermore, this Court's research has led it to concur with Defendant that the legal definition of animal excludes human beings. *See, e.g.,* Black's *Law Dictionary* at 80 (5th ed. West 1979) (defining "animal" as "Non-human, animate being which is endowed with the power of voluntary motion. Animal life other than man."), *citing Bernardine,* 44 N.Y.S.2d at 883. Despite creative arguments from Plaintiff, this Court concludes that a man darting across a freeway at night does not constitute malicious mischief or vandalism. There is no evidence that he intentionally damaged or destroyed Plaintiff's personal property in an act far more likely to endanger him than the speeding vehicles. Section 28.03 of the Texas Penal Code Ann. (Vernon's 1994), defines "criminal mischief" as follows:

(a) A person commits an offense if, without the effective consent of the owner:

(1) he intentionally or knowingly damages or destroys the tangible property of the owner;

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person; or

(3) he intentionally or knowingly makes markings, including inscriptions, slogans, drawing, or paintings, on the tangible property of the owner.

■ Despite conclusory allegations of misrepresentation and fraud by Defendant, Plaintiff provides no evidence. Her reliance on Defendant's previous coverage when a deer ran into her vehicle is inappropriate in that such an accident would fall under the "animal or bird" exception. Given the unlikelihood of such an occurrence, Plaintiff's statement in her affidavit that "State Farm never said before I purchased my 'comprehensive' automobile insurance coverage that State Farm would not pay for any accidental damage caused by a person running into my automobile" does not support a claim for fraud or misrepresentation, an intentional tort.

Because Plaintiff's other claims derive from her claim of breach of contract in construction of the contract and denial of her claim, and because Defendant has correctly identified the controlling legal principles, the Court

ORDERS that Defendant's motion for summary judgment is GRANTED.