Jack Clayton CLEMONS, Lydia A. Clemons, and Adolph Assenheimer, Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY and State Farm Lloyds, Appellees.

Nos. C14–93–01023–CV, C14–93–01026–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 30, 1994.

Robert G. Yack, Richmond, for appellants.

John Gregory Gilleland, J. Sidney Crowley, Richmond, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This a consolidated appeal from a summary judgment granted in favor of appellees, State Farm Fire and Casualty Company and State Farm Lloyds. Appellants, Jack Clayton Clemons, Lydia A. Clemons, and Adolph Assenheimer, brought suit against appellees, alleging that appellees had a duty to defend them in a prior lawsuit filed against appellants by residents of the Windwood subdivision ("Windwood plaintiffs"). Appellees filed a motion for summary judgment, alleging that no duty to defend existed because appellants' homeowners insurance policies did not cover the allegations asserted against them by the Windwood plaintiffs. The trial court granted the summary judgment on all causes of action asserted by appellants. In three points of error, the Clemonses contend: (1) that the trial court erred in ruling that their insurance policy did not impose a duty to defend on appellees and in granting summary judgment on all of their causes of action; and (2) that the trial court abused its discretion when it denied their motion for continuance. In a single point of error, Assenheimer contends that the trial court erred in granting appellee's, State Farm Lloyds, motion for summary judgment. We affirm.

In October 1989, State Farm Lloyds issued homeowners insurance policies to the Clemonses and Assenheimer. These policies provided Assenheimer and the Clemonses with property and liability insurance coverage. The personal liability provision provided coverage to the insureds for:

> all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy.

This provision gave coverage for the defense and indemnity of lawsuits filed against the insureds, if the claims came within the coverage of the policy.

In March 1992, the Windwood plaintiffs filed a lawsuit against Mr. Clemons and Assenheimer, among others. The Windwood plaintiffs alleged that Michael and Annette Florance ("Florances") constructed their house and garage in violation of the deed restrictions of the Windwood Subdivision. They further alleged that on September 13, 1990, Assenheimer, the president of the Windwood Civic Association, and Mr. Clemons, the chairman of the Architectural Committee, signed the Florances' plat plan, purportedly on behalf of the Windwood Civic Association, granting approval, even though the plan demonstrated on its face that the house and garage would be in violation of Section 3 of the recorded deed restrictions.

The Windwood plaintiffs also alleged that appellants' conduct constituted negligence, breach of a fiduciary duty, and failure to perform their representative trustee duties, and gross negligence; and alternatively, constructive fraud. They sought injunctive relief to require the defendants to remedy their violation of the deed restrictions and the recovery of $25,000 in attorney's fees. Mr.

Clemons filed a general denial in the Windwood plaintiffs' lawsuit.

Mr. Clemons and Assenheimer requested State Farm Lloyds to provide them with a defense in the Windwood plaintiffs' suit pursuant to the terms of their homeowners insurance policies. State Farm Lloyds answered with a reservation of rights letter and investigated the claims brought against appellants. State Farm Lloyds later determined that none of the Windwood plaintiffs' allegations made against Mr. Clemons or Assenheimer alleged damages for "property damage" or "bodily injury" as defined by the insurance policies. On June 29, 1992, State Farm Lloyds denied Mr. Clemons' and Assenheimer's demands for defense and indemnity.

Mr. Clemons and Assenheimer forwarded the Windwood plaintiff's third amended petition to State Farm Lloyds and again requested that it defend and indemnify them in the prior suit. At that time, Assenheimer had been dismissed from the lawsuit, and Mr. Clemons had settled his portion of the suit for payment of $1,000. Both Assenheimer's attorney and Mr. Clemons' attorney sent letters to State Farm Lloyds stating that the Windwood plaintiffs were seeking the recovery of damages against the appellants for the reduction or loss in their property values. After reviewing the Windwood plaintiffs' third amended petition, State Farm Lloyds determined that it had no duty to defend or indemnify Mr. Clemons or Assenheimer and again denied their requests.

On March 8, 1993, the Clemonses filed suit against State Farm Fire and Casualty Company and State Farm Lloyds. Assenheimer intervened in the case, but he brought suit only against State Farm Lloyds. Both State Farm Lloyds and State Farm Fire and Casualty Company moved for summary judgment. Assenheimer filed a response to the motion, but the Clemonses did not respond. The trial court granted summary judgment in favor of State Farm Lloyds and State Farm Fire and Casualty Company on all claims asserted by appellants.

In their first point of error, the Clemonses assert that the trial court erred in ruling that their insurance policy, as a matter of law, did not impose a duty to defend on at least one of the appellees. In effect, the Clemonses argue that the trial court erred in granting appellees' motion for summary judgment. In his first point of error, Assenheimer alleges that the trial court erred in granting State Farm Lloyds' motion for summary judgment because: (1) State Farm Lloyds had a duty to defend him based on the pleadings; and (2) State Farm Lloyds' contention of a reasonable basis to deny his claim does not defeat his claim as a matter of law.

■ On appeal from the granting of summary judgment, we must determine whether the evidence establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor,* 763 S.W.2d 411, 413 (Tex.1989). In deciding whether a disputed material fact issue exists, the evidence is viewed in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in her favor; and the evidence is taken as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant must either: (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979).

In the Clemonses' original petition, they alleged causes of action for breach of contract, negligence, deceptive trade practices, and unfair claims settlement practices. In his first amended plea in intervention, Assenheimer alleged causes of action for breach of contract, breach of the duty of good faith and fair dealings, and violations of the Deceptive Trade Practices–Consumer Protection Act ("DTPA") and the Texas Insurance Code. In summary, appellants claimed that pursuant to the terms of their homeowners insurance policies, appellees were required to provide a defense to them against the prior lawsuit brought by the Windwood plaintiffs. Appellees answered by a general denial and raised several defenses.

■ A summary judgment may be upheld on appeal on only those grounds expressly set out in the motion for summary judgment.

TEX.R.CIV.P. 166a(a), (c); *Brooks Fashion Stores, Inc. v. Northpark Nat'l Bank,* 689 S.W.2d 937, 941 (Tex.App.—Dallas 1985, no writ); *see also City of Beaumont v. Guillory,* 751 S.W.2d 491, 492 (Tex.1988).

In their motion for summary judgment, appellees asserted that they were entitled to summary judgment on the following grounds:

(1) State Farm Fire and Casualty Company is not liable to the Clemons.

(2) The Windwood plaintiffs' allegations did not amount to "property damage," thus State Farm Lloyds did not breach the contract.

(3) As a matter of law, State Farm Lloyds did not violate the duty of good faith and fair dealing.

(4) State Farm did not violate the DTPA and Insurance Code.

Appellees relied on the following summary judgment proof to support their motion: (1) the Clemonses' original petition; (2) the original citation; (3) the Windwood plaintiffs' first amended original petition; (4) the docket control order; (5) the claim activity log; (6) the claim committee reports; (6) the insurance policy issued by State Farm Lloyds to Assenheimer (effective December 4, 1991); (7) the Windwood plaintiffs' third amended original petition; (8) the Windwood plaintiffs' second amended original petition; (9) the deeds for Wesley and Delores Heinsohn, Lennard and Shirley Johnson, Dennis Fulkert, James and Susan Warwick, Richard Dodd, F.J. and Sylvia Faughn, Michael and June Glacona, and Michael and Annette Florance; (10) the deed restrictions of the Windwood Subdivision; (11) the letter from Assenheimer's attorney to State Farm Lloyds regarding partial settlement; (12) the letter from the Clemonses' attorney to State Farm Lloyds regarding settlement; (13) the affidavit of David McKnight (claims superintendent for State Farm Insurance Companies); (14) the insurance policy issued by State Farm Lloyds to the Clemons (effective October 16, 1989 to October 16, 1990); and (15) the insurance policy issued by State Farm Lloyds to Assenheimer (effective October 23, 1989 to October 23, 1990).

In his response to appellees' motion for summary judgment, Assenheimer asserted the following:

(1) State Farm Lloyds had a duty to defend him against the claims of the Windwood plaintiffs.

(2) He alleged that State Farm Lloyds had no reasonable basis for denying his claim, and the summary judgment evidence submitted by appellees supports it. (applicable to their claims of breach of duty of good faith and fair dealing and for violations of the DTPA and the Insurance Code)

The only summary judgment proof relied on by Assenheimer was the affidavit of Rick Butler, his attorney.

 We note that the Clemonses did not file a response to appellees' motion for summary judgment. Failure to file a response does not authorize summary judgment by default. *Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 205 (Tex.1985); *Clear Creek,* 589 S.W.2d at 678. However, the non-movant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment. *Clear Creek,* 589 S.W.2d at 678. In the absence of a response raising such reasons, these matters may not be raised for the first time on appeal. *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986). The non-movant may only argue on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. The non-movant, however, may not raise any *other* issues as grounds for reversal. Since the fact issues raised by the Clemonses in their brief were not expressly presented to the trial court, we may not consider them on appeal as grounds for reversal of the summary judgment. *Id.* at 696. Thus, the Clemonses may only attack the legal sufficiency of the summary judgment.

 Since the trial court's order granting summary judgment did not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 567 (Tex.1989); *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.

1989). After carefully reviewing the record, we conclude that one theory which supports the trial court's judgment is that the allegations against appellants did not establish "property damage" within the meaning of the insurance policies.

 The controlling issue in this case is whether appellees had a duty to defend and indemnify appellants in the prior lawsuit filed by the Windwood plaintiffs. The duty to defend is determined by the allegations of the third-party petition, considered in light of the policy provisions and without reference to the truth or falsity of the allegations. *Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973); *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 24 (Tex.1965). In considering such allegations, their meaning should be given a liberal interpretation. *Heyden,* 387 S.W.2d at 26. However, if the petition only alleges facts excluded by the policy, then the insurer is not required to defend. *Fidelity & Guar. Ins. Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex.1982).

 We will first address the construction of appellants' insurance policies, which are governed by ordinary contract principles. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987); *U.S. Fire Ins. Co. v. Aetna Casualty & Surety Co.,* 781 S.W.2d 394, 398 (Tex.App.—Houston [1st Dist.] 1989, no writ). The construction of the policy is a question of law for the court to determine. *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983); *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980); *Vest v. Gulf Ins. Co.,* 809 S.W.2d 531, 533 (Tex.App.—Dallas 1991, writ denied). Insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984). However, this is not true when a term in question is susceptible of only one reasonable construction. *Id.* When there is no ambiguity, as here, it is the court's duty to give the words used their plain meaning. *Id.* Language in insurance provisions is only ambiguous if the court is uncertain as to which of two or more meanings was intended. *Houston Petroleum v. Highlands Ins.,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

In this case, considering the insurance policy as a whole and giving effect to all of the provisions, we find that there is no ambiguity in the general liability coverage provisions. Under the plain meaning of the terms of the policy, appellees promised to pay for losses appellants became legally obligated to pay as a result of "bodily injury" or "property damage" claims payable under the terms of the policy.

 The relevant homeowners policies issued to both the Clemonses and Assenheimer contained the following provision:

## SECTION II—LIABILITY SECTION

Subject to the provisions and conditions of the policy, and of this form and endorsements attached, the Company agrees with the Insured named on Page 1 as follows:

### COVERAGE D—PERSONAL LIABILITY

> To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of *bodily injury or property damage,* and the Company shall defend any suit against the insured alleging such bodily injury and property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

The term "bodily injury" is defined as "bodily injury, sickness or disease, including death resulting therefrom, sustained by any person." The term "property damage" is defined as "injury to or destruction of property, including loss of use thereof." Under ordinary contract interpretation, the policy as a whole would be understood to mean that appellees had no duty to defend a claim not covered by the policy.

Here, appellants do not dispute that the Windwood plaintiffs' petition does not allege "bodily injury" within the meaning of the

insurance policies. Thus, the question here is whether the petition alleges "property damage" within the policies' coverage. We will now address appellants' contention that the allegations in the Windwood plaintiffs' lawsuit trigger the provisions of their insurance policies covering "property damage."

We must liberally construe the allegations in the Windwood plaintiffs' petition to determine if they fall within the provisions of the subject insurance policies. *Heyden*, 387 S.W.2d at 26. If there is any doubt about whether the allegations reflect a potential liability, such doubt must be resolved in favor of the insured. *Mary Kay Cosmetics, Inc. v. North River Ins. Co.*, 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ). However, we must focus our review on the *factual* allegations in the petition, not on the *legal* theories asserted. *See Continental Casualty Co. v. Hall*, 761 S.W.2d 54, 56 (Tex.App.— Houston [14th Dist.] 1988, writ denied), *cert. denied*, 495 U.S. 932, 110 S.Ct. 2174, 109 L.Ed.2d 503 (1990). Unless the petition alleges *facts* within the coverage of the policies, the insurer has no duty to defend. *Fidelity*, 633 S.W.2d at 788; *Holmes v. Employers Casualty Co.*, 699 S.W.2d 339, 340–41 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e).

In their first amended petition, the Windwood plaintiffs alleged that Assenheimer, the president of the Windwood Civic Association, along with Jack Clemons, the chairman of the Architectural Committee, signed the defendants' plat plan, purportedly on behalf of the Windwood Civic Association, granting approval even though the plan demonstrated on the face of it that the house and garage would be in violation of Section 3 of the recorded deed restrictions. The petition also alleged that defendants, Windwood Civic Association, Assenheimer, and Mr. Clemons had a duty of ordinary care in the performance of their duties to the community and residents of the subdivision, and such duty was breached by them. The petition further alleged that the conduct of these defendants constitute negligence, breach of a fiduciary duty, and failure to faithfully perform their representative trustee duties, for which plaintiffs seek recovery, jointly and severally,

together with pre-judgment and post-judgment interest. The petition then stated that the actions of these defendants, jointly and severally, constitute gross negligence under the law, or alternatively, constitute constructive fraud for which plaintiffs seek damages. The petition specifically stated the following:

> Plaintiffs hereby seek injunctive relief from this Honorable Court because the Plaintiffs and the remainder of the property owners in the Windwood Subdivision will suffer irreparable injury if the Defendants are not required to remedy this flagrant violation of the recorded restrictions. Plaintiffs are without remedy except through the equitable jurisdiction of this court to restrain and enjoin Defendants from using the above described property in violation of the restrictive covenants running with the land in the Windwood Subdivision.

> The construction of buildings on Defendants FLORANCES' property within thirty feet (30') of the side street lines, in violation of the set back requirements in the deed restrictions, is a substantial breach of the restrictions placed on each lot in the subdivision for the benefit of the other property in the Windwood subdivision. Plaintiffs will suffer impairment of Plaintiffs' rights and irreparable injury of a continuing nature, if Defendants are not enjoined from violating the restrictions. Plaintiffs have no adequate remedy at law.

In their prayer for relief, the plaintiffs requested an injunction, attorney's fees and "other and further relief to which plaintiffs may be justly entitled."

We find no factual allegations in the first amended petition showing appellees' potential liability for "injury to or destruction of property, including the loss of use thereof" within the meaning of the property damage provision of the insurance policies.

Appellants, however, argue that the pleadings allege causes of action that impliedly seek recovery of property damages that come within their homeowners policies. We disagree. In addition to specifically pleading for injunctive relief, appellants plead several causes of action including negli-

gence, fraud, breach of fiduciary duty, DTPA violation, and failure to faithfully perform trustee duties. However, the mere alleging of numerous causes of action is not the same as asking for a particular remedy. *Feed Store, Inc. v. Reliance Ins. Co.,* 774 S.W.2d 73, 74 (Tex.Civ.App.—Houston [14th Dist.] 1989, writ denied). If a plaintiff wanted only equitable relief, he would still need to allege entitlement to an injunction by pleading a wrong from which the court should relieve him. *Id.* Thus, the fact that the Windwood plaintiffs stated causes of action which *could* support damages does not trigger the duty to defend unless the damages sought are for injury to property as stated in the contract of insurance. Further, the "Mother Hubbard" clause in the plaintiffs' prayer for relief does not make the action into one for property damages. *Id.* If so, all lawsuits seeking "other and further relief" would precipitate a duty to defend. *Id.* Simplistically stated, to implicate the policy provision concerning damages for bodily injury or property and thereby the duty to defend, the petition must allege bodily injury or property damage. Here, it does not, and we cannot judicially read these elements of damage into the petition.

▅ In their third amended petition, the Windwood plaintiffs added an allegation that Assenheimer and Mr. Clemons committed such acts fraudulently and with full knowledge of the restrictions and that each and all defendants breached their duty and engaged in fraud by representing that the construction conformed to the deed restrictions. The petition also alleged that Mr. Clemons and Assenheimer made the fraudulent representations for the purpose of furthering their individual interests as officers and/or directors of the Windwood Civic Association. The petition also added a cause of action under the DTPA and stated that the plaintiffs sought all damages to which they were entitled under the DTPA, including actual and treble damages and attorney's fees. The Windwood plaintiffs also requested a declaratory judgment that the defendants had violated the deed restrictions. In the prayer for relief, the plaintiffs also added a request for a declaratory judgment, an award of $200 per day for each day of violation of the deed

restrictions, and treble damages, costs, and attorney's fees under the DTPA.

Even given the most liberal interpretation, we find no factual allegations in the third amended petition seeking either directly or impliedly damages from "injury to or destruction of property, including the loss of use thereof" within the meaning of the property damage provision of the insurance policies.

Based on the uncontroverted summary judgment proof, the Windwood plaintiffs' petitions and the insurance policies, we find that the trial court correctly determined as a matter of law that appellee had no duty to defend appellants against the Windwood plaintiffs' suit. Thus, the trial court correctly granted summary judgment in favor of appellees. We overrule the Clemonses' and Assenheimer's first points of error.

In their second point of error, the Clemonses assert that the trial court abused its discretion when it denied their motion for continuance. Specifically, appellants argue that there are uncontroverted allegations that appellees obstructed discovery on all causes of action except breach of contract.

▅ Rule 166a(g) of the Texas Rules of Civil Procedure governs continuances in summary judgment cases and provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or *may* order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

TEX.R.CIV.P. 166a(g). The granting or denial of a motion for continuance is within the trial court's sound discretion. *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). The denial of such a motion will be reversed only upon a showing that the trial court has committed a clear abuse of discretion. *Id.; Gendebien v. Gendebien,* 668 S.W.2d 905, 908 (Tex.App.—Houston [14th Dist.] 1984, no writ).

■ In the present case, appellants alleged in their motion for continuance that they cannot present facts essential to justify their opposition because appellees' counsel had refused to allow deposition testimony to be developed, and insufficient time had passed for discovery to be accomplished to develop evidence to defeat the motion for summary judgment. Specifically, appellants moved for the continuance to permit affidavits to be obtained, depositions to be taken and discovery to be had to fairly present its opposition to appellees' motion. The motion for continuance was supported by the affidavit of appellants' counsel, J. James Luck, and the deposition of John S. Bishop.

■ A party may move for summary judgment "at any time after the adverse party has appeared or answered ..." TEX. R.CIV.P. 166a(c). We note that here the hearing on the motion for summary judgment was set 32 days after the motion was filed, in compliance with Rule 166a(c), which requires that such motion be filed and served at least 21 days before the time specified for hearing. TEX.R.CIV.P. 166a(c). Where a party receives notice of the date of the summary judgment hearing in excess of the 21 days required by Rule 166a, denial of a motion for continuance based on lack of timing to prepare is generally not an abuse of discretion. *Cronen v. Nix,* 611 S.W.2d 651, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e), *cert. denied,* 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981). Here, appellants had sufficient time to complete discovery.

Appellants argue, however, that their motion for continuance and affidavit stated good cause, but the only discovery that was requested in the motion was to depose a State Farm representative on the undisputed terms of the insurance policy. As stated, the pleadings and the terms of the insurance policy, alone, define the insurer's duty to defend. *Heyden,* 387 S.W.2d at 24.

Moreover, there is nothing in the record to show that, prior to the time the motion for summary judgment was filed, appellee had attempted to avoid any discovery proceedings. We also note that there are no discovery requests or deposition notices in the record. Appellants' motion for continuance does not state that due diligence was used to procure other depositions or that the continuance was not sought for delay only. Furthermore, appellants' motion for continuance fails to show that the evidence they seek to obtain is material. *See Watson v. Godwin,* 425 S.W.2d 424, 430 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e). Under these circumstances, we cannot say appellants have shown that the trial court abused its discretion in failing to grant the motion for continuance. We overrule the Clemonses second point of error.

In their third point of error, the Clemonses argue that the trial court erred in ruling that appellees' motion for summary judgment established, as a matter of law, entitlement to summary judgment on all causes of action pleaded by them. Specifically, the Clemonses argue that appellees failed to address their allegations that appellees acted deceptively and in violation of the Insurance Code by renewing their policy without notifying them of the changes in its terms and coverage. The Clemonses further argue that this is a wrong separate from the denial of a defense in the Windwood plaintiffs' suit.

In their motion for summary judgment, appellees did address the issue of the renewal of the Clemonses' subsequent insurance policies. Footnote 14 of the motion specifically stated:

> The homeowners policies issued to both Clemons and Assenheimer were modified pursuant to the Texas Board of Insurance's mandate in April, 1991 ...

> However, it is important to note that the revisions to the policy language of the policies in question are irrelevant to any issue in this case. The policy that was in effect as to both Assenheimer and the Clemons at the time of this lawsuit was the 1989–1990 version which contained the unrevised language. The 1990–1991 revised policy would not apply to these claims and is not in issue in this case.

We note that it is undisputed that the relevant policy in this case is the 1989–1990 version. Thus, the Clemonses' argument re-

garding their subsequently renewed policies would be irrelevant to this appeal.

Furthermore, since the Clemonses' remaining contentions were not expressly presented to the trial court to defeat appellees' motion for summary judgment, we may not consider them on appeal as grounds for reversal of the summary judgment. *State Bd. of Ins.*, 705 S.W.2d at 696. We overrule the Clemonses' third point of error.

The judgment of the trial court is affirmed.