BUTLER & BINION, et al., Appellants,

v.

HARTFORD LLOYD'S INSURANCE COMPANY, et al., Appellees.

No. 14–94–00694–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 22, 1995.

Rehearing Overruled Dec. 14, 1995 and Nov. 25, 1997.

Joe C. Holzer, Houston, for appellants.

Arno W. Krebs, Jr., Houston, Ben Taylor, Dallas, for appellees.

MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellants, Butler & Binion, a law firm, and several of its partners, appeal from a summary judgment granted in favor of appellees, Hartford Lloyd's Insurance Company and Hartford Casualty Insurance Company. Appellants brought suit, alleging the appellees breached their insurance contracts and their duty of good faith and fair dealing by failing to defend and indemnify them in a prior lawsuit brought by Colette Bohatch. Appellees filed a motion for summary judgment, arguing that no duty to defend or duty to indemnify existed because appellants' insurance policies did not cover the allegations asserted by Bohatch. The trial court granted summary judgment, disposing of all claims asserted by appellants. Appellants bring one point of error contending: (1) a fact issue existed as to whether appellants intentionally caused injury to Bohatch which would have precluded coverage under the commercial general liability policy; (2) Bohatch's claims fell within the "bodily injury," "advertising injury" and "personal injury" provisions of the commercial general liability policy; (3) appellants' commercial general liability policy covered exemplary damages; (4) appellants' workers compensation and employer's liability insurance policy covered Bohatch's claims; and (5) appellees acted in bad faith by failing to defend and fully indemnify appellants in the suit brought by Bohatch. We affirm.

In 1991, Colette Bohatch, a former partner of Butler & Binion, sued appellants, alleging she was constructively expelled as a partner after she reported alleged unethical conduct by another Butler & Binion partner. At the time of Bohatch's alleged injuries, appellants

were insured by both a commercial general liability policy and a workers' compensation/employer's liability policy issued by the appellees. In her petition, Bohatch alleged appellants unfairly restricted her access to clients, reassigned her work, and reduced her employment compensation. Bohatch asserted causes of action for breach of fiduciary duty, breach of the duty of good faith and fair dealing and breach of contract. A jury awarded Bohatch actual, exemplary and mental anguish damages and attorneys' fees. Appellees defended appellants in the Bohatch lawsuit under a reservation of rights agreement; but, appellees agreed to pay only one-half of the continuing defense costs during appellants' appeal of the jury's verdict. Moreover, appellees refused to indemnify appellants, asserting that no insurance coverage existed for damages awarded to Bohatch.

When reviewing an appeal from a summary judgment, we must determine whether the proof establishes as a matter of law that there is no genuine issue of material fact. *Rodriguez v. Naylor*, 763 S.W.2d 411, 413 (Tex.1989). To decide whether a disputed material fact issue exists, the proof is viewed in favor of the non-movant, resolving all doubts and indulging all reasonable inferences in its favor, and the evidence is taken as true. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant as a movant must either: (1) disprove at least one element of each of plaintiff's theories of recovery; or (2) plead and conclusively establish each essential element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979).

The controlling issues in this case are whether the appellees had a duty to defend or indemnify appellants in the prior lawsuit filed by Bohatch. In Texas, the duty to defend and duty to indemnify are distinct and separate duties. *American Alliance Ins. v. Frito–Lay*, 788 S.W.2d 152, 153 (Tex.App.—Dallas 1990, writ dism'd). An insurer owes a duty to defend if the plaintiff's petition alleges facts within the scope of coverage. *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex.1994); *Argonaut Southwest Ins. Co. v. Maupin*, 500

S.W.2d 633, 635 (Tex.1973); *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 25 (Tex.1965). The duty to defend is unaffected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit. *Argonaut*, 500 S.W.2d at 636; *American Alliance Ins.*, 788 S.W.2d at 154; *Feed Store, Inc. v. Reliance Ins. Co.*, 774 S.W.2d 73, 74–75 (Tex.App.—Houston [14th Dist.] 1989, writ denied). An insurer has the burden to prove that the allegations contained in the underlying plaintiff's petition are excluded from coverage. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex.App.—Houston [14th Dist.] 1993, writ denied). Any doubt is resolved in the insured's favor. *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987); *Feed Store*, 774 S.W.2d at 75. If a case is potentially within the policy coverage, the insurer has a duty to defend. *Adamo*, 853 S.W.2d at 676; *Mary Kay Cosmetics, Inc. v. North River Ins. Co.*, 739 S.W.2d 608, 612 (Tex.App.—Dallas 1987, no writ).

Appellants essentially contend that appellees owed a duty to defend because Bohatch's allegations, contained in her petitions, fell within various provisions of the commercial general liability policy and the workers compensation/employer's liability insurance. We disagree.

First, appellants contend Bohatch's claims constituted a "bodily injury" under "Coverage A" of the commercial general liability policy. The policy states that a "bodily injury" must be caused by an "occurrence" which is defined as "an *accident*, including continuous or repeated exposure to substantially the same general harmful conditions." The policy further excludes coverage for "bodily injury" that is "expected or intended from the standpoint of the insured." Upon reviewing Bohatch's petitions, we find no allegations that would trigger coverage under the "bodily injury" provision. Bohatch alleged only intentional conduct by appellants which was not only expressly excluded under this provision, but also, did not constitute an "occurrence" as that term is defined in the policy. *See Argonaut*, 500 S.W.2d at 635; *Baldwin v. Aetna Casualty & Sur. Co.*, 750

S.W.2d 919, 921 (Tex.App.—Amarillo 1988, writ denied). In addition, whether appellants, in fact, intentionally injured Bohatch is immaterial. *Baldwin,* 750 S.W.2d at 921. Rather, the duty to defend is determined by the kind of claim advanced against the insured as it relates to the scope of the policy. *Id.* Each of Bohatch's claims alleged intentional or willful actions, which were not covered under the policy. Therefore, appellants' contention is overruled.

■ Alternatively, appellants contend the "bodily injury" provision is ambiguous, and thus, this Court should construe the policy in their favor. The construction of appellants' insurance policies are governed by ordinary contract principles. *Barnett,* 723 S.W.2d at 665; *Clemons v. State Farm Fire & Cas. Co.,* 879 S.W.2d 385, 391 (Tex.App.—Houston [14th Dist.] 1994, no writ). The construction of the policies is a question of law for the court to determine. *Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983); *R & P Enterprises v. La Guarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 518 (Tex.1980); *Clemons,* 879 S.W.2d at 391. Insurance policies are to be strictly construed in favor of the insured in order to avoid exclusion of coverage. *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984). If, however, the written instrument is worded so that it can be given only one reasonable construction, it will be enforced as written. *National Union v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). Language in insurance provisions is only ambiguous if the court is uncertain as to which of two or more meanings was intended. *Houston Petroleum v. Highlands Ins.,* 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Clemons,* 879 S.W.2d at 391.

After considering the "bodily injury" provision, we find that no ambiguity exists. Under the plain meaning of this provision, appellees promised to defend and pay for losses that appellants became legally obligated to pay as a result of "bodily injury" claims payable under the terms of the policy. Thus, because no ambiguity exists, we are not compelled to expand the plain meaning of "bodily injury" to include Bohatch's claims.

■ Second, appellants argue Bohatch's claims constituted a "personal injury" under "Coverage B" of the commercial general liability policy. The policy defines a "personal injury," in part, as an "eviction of a person from, a room, dwelling or premises that the person occupies." No coverage exists under this definition because Bohatch's petitions fail to state a cause of action for wrongful eviction, which is a separate cause of action in Texas. *See, e.g., Design Center Venture v. Overseas Multi–Projects Corp.,* 748 S.W.2d 469 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Instead, the thrust of Bohatch's petitions is constructive expulsion which is distinct from wrongful eviction. The policy also defines "personal injury" as "discrimination or humiliation that results in injury to feelings or reputation of a natural person." Appellees' policy, however, excludes coverage for discrimination and humiliation that is done intentionally or at the direction of appellants. Because Bohatch's petition alleges only intentional conduct, there is no coverage for discrimination and humiliation. Thus, the "personal injury" provision of "Coverage B" fails to cover Bohatch's claims.

Third, appellants assert Bohatch's slander claim constituted an "advertising injury" under the commercial general liability policy. We need not address this issue, however, because appellees fully defended appellants during the pendency of Bohatch's slander allegations which were ultimately abandoned in her sixth amended petition. Thus, no issue exists concerning the duty to defend and indemnify as to Bohatch's slander claim.

■ Fourth, appellants contend coverage exists under both workers compensation and employer's liability insurance which apply to "bodily injury by *accident* or bodily injury by disease" (emphasis added). Unlike workers compensation insurance, however, employer's liability insurance specifically excludes coverage for bodily injury intentionally caused by the insured. Bohatch's petition does not mention accidental conduct or disease related damages. Her petition asserts exclusively intentional conduct which precludes coverage under both the workers compensation and employer's liability policies. We find no fac-

tual allegations in Bohatch's petition showing appellees' potential liability under any provision of either the commercial general liability policy or the workers compensation/employer's liability insurance. Therefore, appellees owed no duty to defend appellants on this basis in the lawsuit filed by Bohatch.

 Unlike the duty to defend, the duty to indemnify is based not upon the pleadings, but instead, upon the actual underlying facts and the resulting liability. *Heyden,* 387 S.W.2d at 25; *American Alliance Ins.,* 788 S.W.2d at 154. In the underlying case, the jury found that the partners intentionally breached their fiduciary duty and partnership agreement. The jury awarded Bohatch both actual and punitive damages. On appeal, however, this Court limited Bohatch's recovery to breach of contract damages and attorney fees. *See Bohatch v. Butler & Binion,* 905 S.W.2d 597 (Tex.App.—Houston [14th Dist.] 1995, no writ). Thus, because neither the commercial general liability policy, nor the workers compensation/employer's liability insurance covers breach of contract damages, nor attorney fees, appellees owe no duty to indemnify appellants.

In appellants' final argument, they assert appellees acted in bad faith by failing to defend and indemnify them in their suit against Bohatch. To establish bad faith by appellees, appellants must prove that appellees had no reasonable basis for denying the insurance claim, or that they failed to determine whether there was any reasonable basis for denying the claim. *Arnold v. National County Mut. Fire. Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *Pioneer Chlor Alkali v. Royal Indem. Co.,* 879 S.W.2d 920, 939 (Tex.App.—Houston [14th Dist.] 1994, no writ); *State Farm Lloyds v. Mower,* 876 S.W.2d 914, 921 (Tex.App.—Houston [1st Dist.] 1993, writ requested). Because appellants failed to prove that appellees owed a duty to defend and a duty to indemnify, they, likewise, are unable to show that no reasonable basis existed for denying their insurance claim, and therefore, bad faith.

Based on uncontroverted summary judgment proof, Bohatch's petitions and the insurance policies, we find that the trial court correctly determined as a matter of law that appellees had neither a duty to defend nor indemnify appellants in the prior suit filed by Bohatch. Appellants' sole point of error is overruled.

The judgment of the court below is affirmed.