IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00012-CV

 

Juan Martinez,

                                                                                    Appellant

 v.

 

Swift Transportation Co., Inc., et al.,

                                                                                    Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 04-00-13317-CV

 



MEMORANDUM  Opinion



 

      This is a personal injury case arising out
of a collision between a car driven by Appellant Juan Martinez and a
tractor-trailer driven by Jacquez Rene Amador, an employee of Swift
Transportation Co., Inc.  Santos Garcia, who was killed in the accident, and
José Garcia were passengers in Martinez’s car.  Santos’s parents filed suit against Martinez, Swift, and Amador, and a Petition in
Intervention was filed by Santos’s wife and daughter.  Martinez asserted his
own claims against Swift and Amador.  Swift filed a cross-claim against Martinez alleging his intoxication and that his negligent and/or grossly negligent driving
proximately caused Santos’s death, José’s injuries, and Martinez’s own injuries.  Santos’s parents, wife, and daughter settled their claims against Swift and those claims
were severed from the remaining claims.

      Swift filed a motion in which it sought both
a traditional summary judgment and a no-evidence summary judgment.  In the
motion, Swift relied on deemed admissions obtained as a result of Martinez’s failure to respond to Swift’s Request for Admissions.  Martinez failed to timely
respond to the motion before the hearing and sought leave of the trial court to
file a late response, which the trial court denied.  The trial court granted
Swift’s motion.  Specifically, the order stated that Swift and Amador were not
liable to Martinez “for any of his claims in this suit” and that he take
nothing from Swift and Amador.  The order granting summary judgment disposed of
all remaining issues and parties.[1]

Martinez brings five issues on appeal
contending the trial court erred in failing to grant his motion for
continuance, sustain his special exceptions to Swift’s motion for summary
judgment, sustain his motion to strike deemed admissions, deny Swift’s motion
for summary judgment as it was not supported by competent summary judgment
evidence, and deny the motion as there were genuine issues of material fact.

Summary Judgment Review

We review the decision to grant or
deny a summary-judgment motion de novo.  See Provident Life &
Accident Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  The standards for
reviewing a motion for summary judgment are well established.  Nixon v. Mr.
Property Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985).  The movant has the
burden of showing that no genuine issue of material fact exists and that it is
entitled to summary judgment as a matter of law.  American Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Ash v. Hack Branch
Distributing Co., 54 S.W.3d 401, 413 (Tex. App.—Waco 2001, pet. denied). 
The reviewing court must accept all evidence favorable to the non-movant as
true.  Nixon, 690 S.W.2d at 549; Ash, 54 S.W.3d at 413.  Every
reasonable inference must be indulged in favor of the non-movant and all doubts
resolved in his favor.  American Tobacco, 951 S.W.2d at 425; Ash,
54 S.W.3d at 413.

In reviewing a no‑evidence
summary judgment, we apply the same legal sufficiency standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  A no-evidence motion will be defeated if more than a scintilla of probative
evidence exists to raise a genuine issue of material fact on the element
challenged by the movant.  Id.  More than a scintilla of evidence exists
if it would allow reasonable and fair-minded people to differ in their
conclusions.  Id.

Motion for Continuance

      In
his fifth issue, Martinez challenges the trial court’s denial of his motion for
continuance which he filed on the day of the summary judgment hearing.  The
granting or denial of a motion for continuance is within the trial court's
sound discretion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986).  The trial court's action will not be disturbed unless the record discloses a
clear abuse of discretion.  Id.  Rule 166a(c) requires a motion
for summary judgment to be filed and served at least twenty-one days before the
time specified for hearing.  Tex. R.
Civ. P. 166a(c).  Where a party receives notice of the date of the
hearing in excess of the required twenty-one days, denial of a motion for
continuance based on lack of time to prepare is generally not an abuse of
discretion.  Clemons v. State Farm Fire & Cas. Co., 879 S.W.2d 385, 394 (Tex. App.—Houston
[14th Dist.] 1994, no writ).

Martinez argued that his failure to respond to Swift’s motion for summary
judgment was due to the belief of his attorney, Domingo Garcia, that he had
been allowed to withdraw as counsel.  Attorney Garcia filed a motion to
withdraw in the trial court and a hearing was set for October 21, 2003.  The
trial court did not address the issue of withdrawal or sign an order granting
the motion to withdraw at the October hearing.

The record reflects that as early as
February 2004 Attorney Garcia was aware that he continued to represent Martinez.  Swift’s attorney sent a letter to an associate at the Law Office of Domingo
Garcia, P.C. dated February 11, 2004 which stated:

I am in receipt of your letter dated February 10,
2004.  I take issue with your statement regarding your firm’s representation of
Juan Martinez.

 

It is true that your firm filed a Motion to
Withdraw as counsel for Juan Martinez.  However, that Motion was opposed by the
Defendants in a written response, and has never been set for hearing, or ruled
upon by the Court.  As of today, your firm still represents Juan Martinez as
his attorneys of record in this matter.

 

The February 10 letter referenced by Swift’s
attorney stated that “The Law Office of Domingo Garcia withdrew as counsel for
Juan Martinez on or about September 15, 2003” and was “awaiting the judge’s order.”

      Although Attorney Garcia received notice of
the summary-judgment hearing on June 14, 2005, more than twenty-one days before
the hearing, and was on notice that he represented Martinez, he failed to seek
a continuance until the day of the summary judgment hearing.  We find the trial
court did not abuse its discretion.  We overrule Martinez’s fifth issue.

Specificity of Motion

In his second issue, Martinez contends
that the trial court erred in failing to sustain his special exceptions because
Swift’s no-evidence motion is defective in that it fails to specify the
elements for which he allegedly had no evidence.  This Court has concluded that
a non-movant must object to a no-evidence motion which it contends does not
provide adequate specificity in order to present such an issue for appellate
review.  Watson v. Dallas Indep. Sch. Dist., 135 S.W.3d 208, 227 (Tex.
App.—Waco 2004, no pet.), disapproved of on other grounds by Univ. of Tex. Med. Branch at Galveston v. Barrett, 159 S.W.3d 631 (Tex. 2005).

The record reveals that Swift’s motion
for summary judgment was filed on June 13, 2005 and the hearing was set for
July 20, 2005.  On September 1, 2005, approximately six weeks after the
hearing, Martinez filed a response to the motion which contained special
exceptions.  At that time, he also filed a motion for leave to late-file his
response, but the court did not rule on it.  On October 14, 2005, the trial
court granted Swift’s motion.

  Because the late-filed response was
not with leave of the trial court, the response cannot be considered on
appeal.  See Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996).  Martinez thus failed to timely object to the no-evidence motion and,
therefore, did not preserve this issue for appeal.  Watson, 135 S.W.3d
at 227.  We overrule his second issue.

Was Summary Judgment Proper?

Issue three asserts that fact issues
in the summary judgment proof preclude summary judgment.

After an adequate time for discovery,
the party without the burden of proof may, without presenting evidence, move
for summary judgment on the ground that there is no evidence to support an
essential element of the non-movant's claim or defense.  Tex. R. Civ. P. 166a(i).  To defeat a
no-evidence motion for summary judgment, the respondent must produce summary
judgment evidence raising a genuine issue of material fact.  Id.

Swift filed a no-evidence motion for
summary judgment, asserting that there was no evidence to support Martinez’s causes of action.  As stated, Martinez failed to file a timely response to the
motion.  Because Martinez did not meet his burden to present evidence to defeat
Swift's motion, the trial court did not err by granting Swift’s no-evidence
motion for summary judgment.  We overrule Martinez’s third issue.

Having affirmed the trial court’s no-evidence
summary judgment, we need not address the traditional summary judgment motion,
the sufficiency of the summary judgment evidence, or Martinez’s motion to
withdraw deemed admissions.




Conclusion

We affirm the judgment of the trial
court.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed


Opinion
delivered and filed November 8, 2006

[CV06]

 









    [1]   The
order contains a “Mother Hubbard” clause denying all relief not granted.