HR Draft B printed February 11, 2010 (1:33PM)








Affirmed and Opinion filed March 25, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00429-CV

___________________

 

dennis c. deACeTIS, Appellant 

 

V.

 

marianne whitley, mICHAEL deAcetis, James m. gARY, Kimberly c. Gary,
and Martha C. Fonke, Appellees



 



 

On
Appeal from the 239th District Court

Brazoria County,
Texas



Trial Court Cause No. 46490

 



 

 

MEMORANDUM
OPINION

            In
this real estate dispute involving title to a residence, appellant, Dennis C.
DeAcetis (Dennis), appeals a final judgment consolidating four summary
judgments granted in favor of appellees, Marianne Whitley, former wife of
Dennis (Marianne), Michael DeAcetis, son of Dennis and Marianne (Michael),
James M. Gary, Kimberly C. Gary, purchasers of the residence from Marianne (the
Garys), and Martha Fonke, purchaser of the residence from the Garys (Martha). 
In five issues, appellant asserts the trial court erred in granting summary judgments
to each of the appellees and in denying his motion to continue the summary
judgment hearing.  We affirm.  

Factual and Procedural Background

            The following relevant facts are
uncontroverted:

1.     
On April 18, 2002, Marianne filed
for divorce from Dennis.  After a trial, on April 24, 2003, the 300th
District Court of Brazoria County, Texas, rendered a Final Decree of Divorce
awarding Marianne “ownership of 129 Aster Lane, Lake Jackson, Texas”. The
Divorce Decree was signed on May 29, 2003.

2.     
At the time of the divorce,
neither Marianne nor Dennis owned record title to 129 Aster Lane.  However, the
following facts support the conclusion that they owned beneficial title. Record
title was held by SMP Family Leasing Incorporated (fka SMP Leasing Incorporated). 
The sole asset of SMP Family Leasing Incorporated was the subject residence,
129 Aster Lane, acquired in 1997, and the sole shareholders and officers were
the two sons of Dennis and Marianne, Michael and Peter DeAcetis.  The purchase
and maintenance of 129 Aster was paid for totally from the community property
funds of Dennis and Marianne; however, on paper, Dennis and Marianne were
tenants under a lease with SMP Family Leasing Incorporated. Marianne and Dennis
lived at the residence as their home.

3.     
After rendition of the divorce on
April 24, 2003, but before the decree of divorce was signed on May 29, 2003,
son Peter, as president of SMP Family Leasing Incorporated, allegedly entered
into an oral agreement with Dennis on April 28, 2003,  to convey record title
to 129 Aster Lane to Dennis. Said alleged oral agreement was never reduced to a
signed writing, and the next day, on April 29, 2003, Peter resigned as
president, director, and registered agent of SMP Family Leasing Incorporated.

4.     
After the divorce decree was
signed, Dennis refused to vacate the residence at 129 Aster Lane.

5.     
On July 17, 2003, a warranty deed
was signed conveying fee title to 129 Aster Lane from SMP Family Leasing
Incorporated to Marianne.  The deed was signed by son Michael, as officer of the
corporation.

6.     
Dennis continued to refuse to
vacate the residence at 129 Aster Lane.

7.     
Marianne filed proceedings to
enforce the divorce decree.  On December 17, 2003, the 300th
District Court of Brazoria County (the divorce court) signed an “Order of
Enforcement by Contempt and Suspension of Contempt”, stating in part:

  “The Court finds that Respondent (Dennis) is guilty
of separate violations of the order signed on April 24, 2003 that appears in
the minutes of this Court, and states in relevant part as follows:

            IT IS ORDERED AND
DECREED that the wife, MARIANNE DeACETIS is awarded the following as her sole
and separate property, and the husband is divested of all right, title,
interest, and claim in and to that property:

                                    …………

1.     
129 Aster Lane, Lake Jackson, Texas 77566 [including keys]

………….

The Court further finds that Petitioner (Marianne) was
awarded the residence located at 129 Aster Lane, Lake Jackson, Texas and that
Respondent has failed to turn that property over to Petitioner.

                                                            …………..

IT IS ORDERED that Respondent, Dennis Charles
DeAcetis, shall vacate the residence located at 129 Aster Lane no later than
5:00 p.m. on January 15, 2004 and by that time turn over all keys, including
garage door openers and utility deposits, to Petitioner.”

8.     
Dennis continued to refuse to
vacate the residence.

9.     
Marianne filed a forcible detainer
suit.  The JP and County Courts ruled in Marianne’s favor and ordered Dennis to
vacate the residence.

10.
Dennis still refused to vacate the
residence.

11.
The 300th District Court
(the Divorce Court) held Dennis in contempt for failing to comply with its
Enforcement Order and committed him to jail.  

12.
On December 14, 2004, almost eight
months after the Divorce was granted, the parties entered into a Rule 11
Agreement regarding the suspension of Dennis’s jail commitment, and the 300th
District Court signed an Order Suspending Commitment that states, in part:

“IT IS THEREFORE ORDERED that Dennis…shall be released
from the Brazoria County jail until Monday, December 20, 2004, 9:00 a.m. during
which time he shall perform the following:

                                                      ……….

      c. Respondent [shall] vacate the
premises at 129 Aster Lane….

                                                      ……….

f. Respondent will execute all documents necessary to
clear title on the residence located at 129 Aster Lane, Lake Jackson, Texas….”

13.  Dennis vacated the residence after being released
from jail.

14.  Dennis did not appeal any of the rulings of the
300th District Court of Brazoria County, the Divorce Court. 

15.  In March 2005, Marianne conveyed title to 129
Aster Lane by Warranty Deed to appellees James and Kimberly Gary (the Garys).

16.  In February 2006, the Garys conveyed 129 Aster
Lane to appellee Martha Fonke.

17.  In December 2005, Dennis filed suit against his
son Peter.

18.  In August 2006, Dennis amended the petition to
add as defendants Marianne, the Garys, Martha Fonke, and his son Michael (among
others), seeking a declaratory judgment as to ownership of 129 Aster Lane and
alleging causes of action based on trespass to try title, fraud, conversion,
and conspiracy.

19.  The trial court granted summary judgments in
favor of all appellees (the claims against son Peter are not before us on
appeal).

            

Discussion

I.         Did the trial court err in granting summary judgments
in favor of all     appellees?

            A.        Standard of Review

            We
review the granting of summary judgment de novo.  Cruikshank v.
Consumer Direct Mortg., Inc., 138 S.W.3d 497, 500 (Tex. App.—Houston [14th
Dist.] 2004, pet. denied).  We may affirm a summary judgment only on grounds
specifically stated in the motion.  Id.  Where the trial court’s order
granting summary judgment does not specify on what grounds it was granted, it
must be affirmed if any of the grounds asserted are meritorious.  W. Invs.,
Inc. v. Urena, 162 S.W,3d 547, 550 (Tex. 2005).

            In a no-evidence motion for summary
judgment, the movant must specifically state the elements as to which there is
no evidence.  Walker v. Thomasson Lumber Co., 203 S.W.3d 470, 473–474
(Tex. App.—Houston [14th Dist.] 2006, no pet.).  The trial court must grant the
motion unless the respondent produces summary judgment evidence raising a
genuine issue of material fact.  Tex. R. Civ. P. 166a(i).  However, the
respondent is “‘not required to marshal its proof; its response need only point
out evidence that raises a fact issue on the challenged elements.’”  Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (quoting Tex. R. Civ. P. 166a
cmt.)).

             Under the traditional summary judgment
standard of review, a movant has the burden to show at the trial level that
there are no genuine issues of material fact, and he is entitled to judgment as
a matter of law.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999).  In determining whether there is a genuine
fact issue precluding summary judgment, evidence favorable to the non-movant is
taken as true and we make all reasonable inference in his favor.  Id. 
We review the trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A movant is
entitled to summary judgment only if he conclusively proves all essential
elements of his claim.  Johnston v. Crook, 93 S.W.3d 263, 273 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied). 

            B.        Analysis

                        1.  Traditional Summary
Judgment Motion 

            Marianne
filed a traditional motion for summary judgment based on the doctrine of res
judicata.  Res judicata is an affirmative defense. Tex. R. Civ. P. 94.  The
party claiming the defense must prove: (1) the claims asserted in this case
arise out of the same subject matter of the previous suit, (2) the claims
asserted in this suit were litigated or could have been litigated through the
exercise of due diligence in the previous suit, (3) there is a final judgment
in the prior lawsuit.  Barr v. Resolution Trust Corp., 837 S.W.2d 627,
631 (Tex. 1992).  We take the transactional approach to res judicata.  Id. 
Under that approach, the subject matter of a suit is based on the factual
matter that make up the gist of the complaint.  Id. at 630.  Any claim
that arises out of those facts should be litigated in the same lawsuit.  Id.


            Marianne contends the divorce decree, and
subsequent orders, entered by the 300th District Court dealt with the division
of the property of the marital estate.  Specifically, Marianne has provided
evidence that she was awarded ownership of 129 Aster Lane.  Res judicata
applies to the property division in a final divorce decree, just as it does to
any other final judgment, barring subsequent collateral attack even if the
divorce decree improperly divided the property.  Baxter v. Ruddle, 794
S.W.2d 761, 762 (Tex. 1990).  Division of the property of the marital estate
was the subject matter of Marianne and appellant’s divorce proceeding.  See Tex.
Fam. Code Ann. § 7.001 (Vernon 2006).  Thus, (1) appellant’s claims to 129
Aster arise out of the same subject matter as his divorce proceeding, (2)
appellant either did or could have asserted claims to 129 Aster during the
divorce proceeding, and (3) there is a final judgment in appellant’s divorce
proceeding.  See Barr, 837 S.W.2d at 631.  All claims alleged against
Marianne, including claims of fraud, conspiracy, and conversion, are related to
the determination of ownership of 129 Aster and consequently are barred by res
judicata.  Therefore, the trial court did not err in granting Marianne’s motion
for summary judgment.   

            Accordingly, appellant’s first issue is
overruled.  

2.         No-Evidence
Summary Judgment Motions

            The trial court granted the remaining
summary judgment motions on no-evidence grounds[1].  Appellant did not file a response to any of the
no-evidence motions. Absent such a response, the trial court properly granted
the no-evidence motions.  See Tex. R. Civ. P. 166a(i).[2]

            Accordingly, appellant’s issues two,
three, and four are overruled.    

II.        Did the trial court err in denying appellant’s motion
for continuance?

            A.        Standard of Review

            When
reviewing a trial court’s order denying a motion for continuance, we consider
whether the trial court committed a clear abuse of discretion on a case by case
basis.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex.
2004).  A trial court abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of
law.  Id.  We consider the following nonexclusive factors when deciding
whether a trial court abused its discretion in denying a motion for continuance
seeking additional time to conduct discovery: (1) the length of time the case
has been on file, (2) the materiality and purpose of the discovery sought, and
(3) whether the party seeking the continuance has exercised due diligence to
obtain the discovery sought.  Id.

            Generally, it is not an abuse of
discretion to deny a motion for continuance if a party has received the
21-days’ notice required by Rule 166a(c).  Clemons v. State Farm Fire &
Cas. Co., 879 S.W.2d 385, 394 (Tex. App.—Houston [14th Dist.] 1994, no
writ). A party seeking more time to oppose a summary judgment must file an
affidavit describing the evidence sought, explaining its materiality, and
showing the due diligence used to obtain the evidence.  Tex. R. Civ. P.
166a(g).  The affidavit must show why the continuance is necessary; conclusory
allegations are not sufficient.  Carter v. MacFadyen, 93 S.W.3d 307, 310
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).        

            B.        Analysis

              
In his verified motion for continuance, appellant asked the court for leave to
continue discovery “for at least 90 days.”  Appellant argued additional time
was needed to obtain deposition testimony, transcripts, and affidavits. 
Appellant complained the appellees continually resisted discovery through
objections and by a general failure to cooperate with his requests. 
Specifically, appellant claimed he needed to depose Marianne to discover
evidence establishing fraud and conspiracy in the real estate transaction. 
Additionally, he sought to depose Michael and the Garys to ascertain evidence
of collusion and establish a “non-biased platform” for his claims.  Finally, he
requested that the appellees be compelled to provide abstracts of title to 129
Aster in order to show a significant missing link in the chain of title.   

                        1.         Discovery
Narrative    

            Appellant originally filed this case on
September 30, 2005 against a single defendant, Peter DeAcetis.  Appellant filed
an amended petition adding Michael, Marianne, the Garys, and Martha on August
23, 2006.  On October 13, 2006 he filed his first discovery motion, a request
for an abstract of title from all defendants.  Martha complied by filing her
abstract on October 25, 2006.  Martha’s abstract demonstrated an unbroken chain
of title from the sale of 129 Aster to SMP Family Leasing Incorporated until
the conveyance of 129 Aster to her.  The Garys filed an objection to the
request arguing they were not in possession of the premises and did not claim
any title to the property.  Between May 7, 2007 and June 5, 2007, all appellees
filed motions for summary judgment.  On June 19, 2007, appellant filed a motion
to compel defendants to respond to discovery requests.  In his motion,
appellant alleged he had filed numerous discovery requests over a seven month
period.  He claimed appellees had filed “misappropriated, blanket objections”
and further refused to answer the bulk of the requests.  Additionally, he
complained Marianne had failed to appear at a scheduled deposition because of a
motion to quash filed by the Garys.    

            The trial court held a hearing on the
summary judgment motions, appellant’s motion to compel, and appellant’s motion
for continuance.  The trial court decided to take the matter under advisement. 
Three months after taking the matter under advisement, the trial court granted
Michael’s motion for summary judgment and within the next two months granted
the remaining three appellees’ motions in their favor.  The court did not enter
an order expressly denying appellant’s motion for continuance nor his motion to
compel.  Appellant then filed a motion to reconsider and withdraw summary
judgments, a motion to re-open discovery, and a motion for ruling on
continuance. The court held a hearing on the motions and entered an order
denying appellant’s motion to reconsider, motion to withdraw summary judgments,
and motion to re-open discovery.  Effectively, appellant’s motion for
continuance was denied.  See Carter, 93 S.W.3d at 310.

                        2.         On Appeal

                        Approximately nine months
passed between the time appellant brought the appellees into the case and when
they filed their summary judgment motions. Appellant did not file a motion to
compel or motion for continuance until June 19, 2007, one week before the
summary judgment hearing was scheduled.  The trial court could have reasonably
concluded that appellant should have diligently brought motions to compel,
instead of waiting until one week before the summary judgment hearing.  See
BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 800–01 (Tex. 2002). It
is well established that the failure of a litigant to diligently utilize the
rules of civil procedure for discovery purposes will not authorize the granting
of a continuance.  State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865
(Tex. 1988).  Further, in order to respond to the no-evidence motions for
summary judgment, appellant only needed to point out evidence that raised a
fact issue, which could have included his own affidavit testimony as to the claims
he had made, which were all based on allegations purportedly within his
own personal knowledge.  In this case, the trial court could have reasonably
concluded that the discovery sought was not material to appellant’s ability to
respond to the no-evidence motions for summary judgment, and thus a continuance
of the summary judgment hearing was not merited.  Under these circumstances we
cannot say the trial court’s denial was an abuse of discretion.  For the same
reasons, the trial court did not abuse its discretion in denying appellant’s
motions to reconsider and to reopen evidence.

Accordingly, appellant’s fifth issue is overruled.  

                                                 

Conclusion

 

            We affirm the trial court’s judgment. 

                                                                                    

 

 

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice

 

Panel consists of Justices Boyce
and Sullivan and Senior Justice Mirabal.[3]


 

 

               

            

            

                                    

              

 

 

 

 









[1] Martha was granted
summary judgment on both no-evidence and traditional grounds; we review the
propriety of granting her full summary judgment on no-evidence grounds.





[2]  Appellant filed only one summary judgment response,
dealing with “Res Judicata And/Or Collateral Attack.”  In this document,
appellant acknowledged that he was not filing a response to any of the
no-evidence motions because of his motion for continuance.    

 





[3] Senior Justice Margaret
Garner Mirabal sitting by assignment.